### THE MASSACHUSETTS HOSPITAL LIFE INSURANCE COMPANY *vs.* DEXTER WILSON.

When a mortgagee of land, whose title thereto is paramount to that of a lessor thereof, takes possession of the land by virtue of an execution issued on a judgment recovered by him in a writ of entry, and leaves the lessee in the occupation of the land, he is entitled to recover of the lessee the rent subsequently accruing, but not the rent which had previously accrued.

THIS was an action of assumpsit to recover the rent of a farm occupied by the defendant, under Joseph Robinson, from October 1st 1842 to April 1st 1843. At the trial in the court of common pleas, before *Merrick*, J. it appeared that the plaintiffs, having a mortgage upon the farm, and a title paramount to said Robinson's title, recovered judgment for possession thereof, and took possession on the 1st of January 1843, by virtue of a writ of *habere facias*, which issued on said judgment. The defendant continued to occupy the farm, without any new contract; and the plaintiffs, on the 30th of March 1843, for the first time, made demand on him to pay rent to them. On the 21st of January 1843, the said Robinson drew an order on the defendant, as follows: "Mr. Dexter Wilson. Sir: Please pay Mr. David Wadsworth one hundred dollars on the first day of April next, and I will account to you, on your lease, for the same. Joseph Robinson." The defendant accepted said order a day or two after it was drawn, and paid the amount thereof to said Wadsworth, after said 1st of April. The said sum of $100 was the amount of rent payable by the defendant to Robinson on the said 1st of April, by virtue of the lease from Robinson to him.

The judge instructed the. jury that the, defendant was bound to pay the rent to the plaintiffs, and a verdict was returned for them. The defendant alleged exceptions.

No counsel appeared for the defendant.

*W. A. Bryant,* for the plaintiffs.

HUBBARD, J. This is an action of assumpsit to recover the rent of a farm, of which the plaintiffs were mortgagees by a title paramount to that of Robinson, who leased it to the defendant; and it is understood that the action is brought in the name of the mortgagees in behalf of others, who have acquired their interest in the estate.

It does not appear upon the facts, as set forth in the bill of exceptions, at what periods the rent was payable by the defendant to Robinson, whether quarterly, semi-annually, or at different times, nor whether the learned judge was guided in his opinion by the time when the rent accrued; but it is evident that he considered that the right to all rent remaining unpaid at the time when possession was taken, and which accrued during the existence of the mortgage, passed with the possession taken, as incident thereto, and consequently that the plaintiffs were entitled to recover, notwithstanding the existence of the lease.

When a mortgage is made of an estate subsequent to an existing lease, the rents and profits pass as incident to the reversion; and if, at the time possession is taken, there is rent accruing upon a quarter not expired, the rent passes as incident, and the mortgagee, by force of the possession taken, may maintain an action for the same. But the rent which has accrued prior to the entry does not pass as incident, it being but a chose in action. See *Fitchburg Cotton Manuf. Corp.* v. *Melven,* 15 Mass. 268, and *Burden* v. *Thayer,* 3 Met. 76.

In the present case, the mortgagees entered under a paramount title; there was no privity between them and the lessee, whom they may treat as a disseizor or tenant, at their election; and they took the estate, neither fettered nor affected by any agreements touching it, made subsequent

to their own title. While the mortgagor is in possession, he is not accountable for the rents and profits of the estate, and those who are in under him, as tenants, stand in his place, and are not themselves responsible to the mortgagee before ntry. The rent, therefore, in this case, must be apportioned, and for the time prior to the entry by the plaintiffs they are not entitled to recover ; but after entry their right accrues, they having continued the defendant as a tenant. Under this view of the law the exceptions are sustained as to the rent allowed from October to January following.

A new trial is ordered at the bar of this court.