WILLIAM H. ARGALL, Appellant, *v.* FRIEND PITTS et al., Respondents.

The mere possession and receipt of profits of lands mortgaged does not make the possessor liable to pay out of the receipts, or to keep down the interest on the mortgage.

The mortgagee can only be entitled to the rents of the mortgaged premises by commencing suit for the foreclosure of his mortgage and procuring the appointment of a receiver; and then will be confined to the rents and profits accruing during the pendency of the suit.

A defendant, by not answering the complaint, does not admit that plaintiff is entitled to the relief demanded against him, but only that he is entitled to such relief, as the facts properly alleged, authorize.

In an action to foreclose a mortgage the complaint alleged the conveyance of the mortgaged premises to defendant D., subject to the mortgage and taxes; that D. entered into possession and collected the rents and profits; and asked judgment that if the proceeds of sale are insufficient to pay taxes, and the amount due for principal and interest after deducting costs and expenses, that D., to the extent of the rents collected by him be adjudged to pay the deficiency. D. did not appear in the action, and judgment was entered adjudging that, in case of deficiency, it be referred to a referee to take an account of the rents collected by D., and that to the extent of such collections D. pay to plaintiff the unpaid taxes and assessments, and the amount due for interest on the mortgage, or so much thereof as shall satisfy the deficiency. A deficiency having occurred, the referee took the account and reported the amount of rents received by D. A motion to confirm the report, and for judgment and execution against D., was thereupon made, which was denied. It did not appear that D. was served with any of the papers after service of summons and complaint, or with notice of any subsequent proceedings. Plaintiff appealed without service upon D. of notice of appeal to the General Term, or to this court. *Held*, that the motion was properly denied.

*It seems*, that in such case the order appealed from would not be reversed without, at least, requiring the service of notice of appeal on the defendant sought to be affected.

(Submitted June 18, 1879; decided September 17, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, denying a motion on the part of plaintiff for a judgment against defendant Dean for deficiency.

The facts appear sufficiently in the opinion.

*G. H. Brewster*, for appellant. Defendant Dean having entered into possession and collected the rents of the premises was liable for the interest on the mortgage and taxes while he was in possession, to the extent of the rents collected by him, or so much as might be necessary to pay any deficiency. (*Lattimer* v. *Moore et al.*, 4 McLean, 110; *Cumberland* v. *Codrington*, 3 Johns. Chy., 260–261; *Revel* v. *Watkinson*, 1 Ves. Sen., 93; 4 Kent [m. p.], 74–75; *Sheldon* v. *Ferris*, 45 Barb., 145; *Cairns* v. *Cabert*, 3 Ed. Chy., 312; *Deraines* v. *Deraisments*, 72 N. Y., 154; *Casborne* v. *Scarfe*, 1 Atk., 606; Kent, vol. 4, 74; *Eagle Fire Ins. Co.* v. *Cull*, 2 Ed. Chy., 634; *Astor* v. *Turner*, 2 Barb., 444; *Van Buren* v. *Olmstead*, 5 Paige, 9; *Moore* v. *Cable*, 1 Johns. Chy., 385; *Walsh* v. *Rutgers Fire Ins. Co.*, 13 Abb., 33; *Chalabra* v. *Cortelyon*, 2 Paige, 605; 4 Kent, 166; *Johnson* v. *Zink*, 51 N. Y., 336; *Harris* v. *Jex*, 66 Barb., 240; *Cherry* v. *Munroe*, 2 id., 630; *Marshall* v. *Davies*, 16 Hun, 606.)

EARL, J. This is an action for the foreclosure of a mortgage given by Friend Pitts to secure in part the purchase-money of the mortgaged premises. After the execution of the mortgage, the premises were conveyed, through several successive grantees to Lydia H. Plume, each grantee assuming payment of the mortgage as part of the purchase-money. Plume thereafter, in May, 1876, conveyed the premises to George W. Dean, subject to the mortgage and to the taxes thereon for the year 1875. Dean did not, however, assume the payment of the mortgage or of the taxes. These facts appear in the complaint. It is also alleged in the complaint that after the conveyance of the premises to Dean, he "entered into possession thereof and ever since has collected the rents and profits of said premises, amounting in all to about the sum of $2,500." Besides the usual prayer for judgment in a foreclosure action, the plaintiff asked for relief as follows : "That if the said proceeds of sale are insufficient to pay said taxes and Croton water charges, and the amount due the plaintiff for principal and interest, after

deducting the costs and expenses of this action, an account may be taken of the amount of rents collected by said George W. Dean, and that the defendants, Mary B. Pitts, Charles Stewart Shearer and Lydia H. Plume, and also the defendant, George W. Dean, to the extent of the rents collected by him, after deducting all lawful and proper payments made by him, may be adjudged to pay any deficiency which may remain," etc. None of the defendants appeared in the action or answered or demurred. After the lapse of the proper time, the plaintiff applied for judgment at a Special Term in the city of New York held by Judge LAWRENCE, and a judgment of foreclosure and sale was entered, which contains this clause : "And if it appears there is a deficiency, it is further ordered and adjudged that it be referred to said D. A. Casserly, Esq., to take an account of the rents collected from said premises by said defendant, George W. Dean, and also ascertain and report the amount due for all taxes and assessments which were liens thereon at time of such sale, and on the coming in and confirmation of such report, it is adjudged that said defendant, George W. Dean, who is personally liable therefor, pay to the plaintiff the amount of all such unpaid taxes and assessments, with interest from the date of said last mentioned report, and also the sum of $763.59, with interest from November 15, 1878, the amount due for interest on said bond and mortgage, as appears by referee's report herein of that date, to the extent of the rents collected by said defendant, George W. Dean, or so much thereof as may be necessary to pay the amount of the deficiency arising on such sale, with the costs and expenses of such reference and accounting, and that plaintiff have execution therefor."

There was a sale of the mortgaged premises by Casserly, a referee named in the judgment for that purpose, and he reported a large deficiency, and his report was confirmed.

Afterward Casserly, as referee, took proof of the amount of rents received by Dean, and of the amount of taxes and Croton water charges during the term of Dean's possession,

and he reported that during that term Dean received from the premises rents to the amount of $3,000, and that the taxes and Croton water charges amounted to $2,130.01. Plaintiff then made a motion at Special Term, held by Judge DONOHUE, for confirmation of this report, and for judgment and execution thereon against Dean. The judge denied the motion, holding that " if the mortgagee sees fit to pursue the rents, he must obtain a receiver. If he does not, he must look to the party liable for a deficiency." The plaintiff then appealed to the General Term, and Judge DONOHUE's order was there affirmed, and he then appealed to this court.

It does not appear that, after the service of the summons and complaint, Dean was served with any other papers, or that he had notice of any of the subsequent proceedings or appeared therein. He was not served with notice of appeal to the General Term or to this court. So that we have an appeal here without a respondent. Before we would reverse the order appealed from, we would at least require that the notice of appeal should be served upon Dean, so that he could appear and defend his rights. It does not appear that he is now aware of any of these proceedings against him to enforce the personal liability. But we are clearly of opinion that the order appealed from is right.

Dean did not assume to pay either the mortgage or the taxes. But the claim is that simply because he received the rents of the premises, he became liable to the amount thus received for the taxes and the interest on the mortgage. This claim is founded upon no authority. It has never been so decided, although the case must have arisen thousands of times when the question could have been made. The mere possession of lands, receiving the profits thereof, never makes any one not personally taxed liable for the taxes of such lands. And the mere possession of lands mortgaged never makes the possessor who receives the profits liable to pay or keep down the interest upon the mortgage. The mortgagee can only be entitled to the rents of the mortgaged premises by commencing suit for the foreclosure of his mortgage and

procuring the appointment of a receiver, and then he will be confined to the rents and profits accruing during the pendency of the suit. A mortgagee has a mere lien upon the land mortgaged as security. He is not entitled to the possession of the land, and can call no one to account for its use. The same is true of a mortgagee or pledgee of personal property, who before foreclosure of his lien has no claim upon any one for the mere use of the property.

The plaintiff relies very much upon the rule applicable to life tenants of real estate, who are required to keep down interest upon incumbrances and to pay taxes. But that is a rule peculiar to life tenancies, and does not apply to a possessor of mortgaged premises or to a tenant for years.

By not answering the complaint, Dean did not admit that the plaintiff was entitled to the relief demanded against him, but simply that he was entitled to such relief as the facts properly alleged entitled the plaintiff to have. The facts alleged in this complaint do not show that plaintiff was entitled to the relief against Dean which he now seeks.

The better practice would undoubtedly have been for Dean to move at Special Term to vacate so much of the interlocutory judgment as relates to his liability for the rents. But he was probably entirely ignorant of it. That provision in the judgment was probably inserted through some inadvertence or misapprehension on the part of the judge who granted the judgment. It was not too late for the same court, at a later stage in the same action, to correct this mistake by refusing to confirm the report of the referee, and refusing judgment and execution against Dean.

The order must be affirmed.

All concur.

Order affirmed.