M ARY E MMA W YCKOFF, Respondent, *v.* S ETH W. S COFIELD et al., Appellants.

A mortgagee has no claim, as such, to the rents and profits of the mortgaged premises, and while, in a proper case he may, upon foreclosure, have a receiver of the rents and profits appointed, who will be entitled to collect and receive such rents as have theretofore accrued, but have not yet come to the hands of the owner of the equity of redemption, and apply them to the payment of the mortgage debt, the court has no power to order rents, already collected and in possession of the owner, to be paid over and thus applied.

At the commencement of a foreclosure suit an order was granted restraining S., the owner of the mortgaged premises, from collecting the rents ; a copy was served upon him, with notice of motion for the appointment of a receiver. This was subsequently modified by stipulation of the parties so as to permit the agents of S. to continue to collect and retain such rents, to abide the further order of the court. The motion was denied and the injunction order vacated. Another similar order was thereafter granted upon a second motion, and a receiver was appointed ; on his petition an order was granted directing the owner's agents to pay over to him the rents and profits received after the granting

of the first, and before the granting of the second injunction order. *Held* error; that the dissolution of the first injunction left the parties in the same position as though none had been issued, and the agents of S. thereafter held the rents previously collected, solely by virtue of their authority as agents, and their possession was his; that the stipulation meant the rents collected should be held subject to the order of the court in that proceeding, and when it was terminated by a denial of the relief sought, all obstacles in the way of the assertion, by S., of his rights to the moneys so collected were removed.

(Argued March 3, 1885; decided March 17, 1885.)

APPEAL by defendant Seth W. Scofield from an order of the General Term of the Superior Court in the city of New York, made November 10, 1884, which affirmed an order of the Special Term herein.

This was an action to foreclose a mortgage on real estate in the city of New York, of which said defendant Scofield was the owner.

The action was commenced in July, 1883 with the summons; an order to show cause why a receiver of the rents and profits should not be appointed was served upon Scofield, which contained a provision restraining him or his agents from collecting, receiving or in any manner disposing of the rents and income. In August, 1883, a stipulation was entered into by and between the parties, modifying the injunction so as to allow Scofield's agents "to collect the rents of the mortgaged premises, and to retain the same in their possession, to be disposed of by future order of the court." The motion for the appointment of a receiver upon the order to show cause was made in September, 1883. It was denied, and "the said order to show cause, and the stay therein contained vacated." On October 25, 1883, Scofield demanded of his agents payment of the moneys collected by them up to that time; they refused to pay, giving as a reason that they had been requested by plaintiff or her attorney not to do so. On October 30, 1883, another similar order to show cause was granted on plaintiff's application containing a similar injunction clause. The motion thereon was heard in December, 1883, and resulted in the appointment of a receiver. The order directed Scofield's agents to pay over on demand all

rents collected by them after October 30. Thereafter, on motion of the receiver, the order in question was made which directed said agents to pay over the rents collected for the months of August, September and October.

*Abner C. Thomas* for appellants.    The receiver acquired no title to the moneys in controversy. (*Rider* v. *Bagley*, 84 N. Y. 461; *Howell* v. *Ripley*, 10 Paige, 43; *Astor* v. *Turner*, 11 id. 436; *Mitchell* v. *Bartlett*, 51 . N. Y. 447; *Argall* v. *Pitts*, 78 id. 242; *Lofsky* v. *Maujer*, 3 Sandf. Ch. 71.)

*Samuel A. Noyes* for respondent.    The intent, purpose and effect of the stipulation were to create a fund in the action to be disposed of by the court on special application for that purpose according to the exigencies of the action, and as it should at any time before such application of the fund determine whether or not the income should be impounded as further security for plaintiff's debt and a receiver of the income of the mortgaged premises was proper in this action; and pending such motion for a disposition of the fund so deposited the rights of the parties thereto, so far as its character and quality were concerned, should be the same as if the fund was still in the tenant's hands. (*Lofsky* v. *Maujer*, 3 Sandf. Ch. 60; *Bk. of Ogdensburgh* v. *Arnold*, 5 Paige, 38; *Argall* v. *Pitts*, 78 N. Y. 239; *Hollenbeck* v. *Donnell*, 94 id. 342.)

RUGER, Ch. J.    A mortgagee has no claim as such, to the receipt of the rents and profits, of the mortgaged property. (*Argall* v. *Pitts*, 78 N. Y. 239, 242.)    In a proper case upon foreclosure he may have a receiver of such rents, etc., appointed, who will then be entitled to collect and apply them in reduction of the mortgage debt; and in such a case the receiver may be authorized to collect such rents as have theretofore accrued but have not yet come to the hands of the owner of the equity of redemption. (*Hollenbeck* v. *Donnell*, 94 N. Y. 342.)    It is not, however, within the power of the court to order rents already collected and in the possession of the owner

to be paid over and applied upon the mortgage debt. (*Howell* v. *Ripley*, 10 Paige, 43; *Rider* v. *Bagley*, 84 N. Y. 461.)

The lien of the mortgagee thereon dates only from the appointment of the receiver, and his right to collect rents extends only to such as ' are unpaid at the time of his appointment. (*Rider* v. *Bagley, supra ; Argall* v. *Pitts,* 78 N. Y. 242.) At the time of filing his complaint for foreclosure, in a proper case, the mortgagee may obtain an order restraining the owner, from the further collection of rents, and in such case, upon the appointment of a receiver, he may be authorized to collect such as then remain unpaid. (*Lofsky* v. *Maujer,* 3 Sandf. Ch. 71.) It was held in that case, where the owner had taken security from a tenant for the payment of rent, that the receiver could enforce such security and collect the rent remaining unpaid at the time of his appointment; but the principles of that case do not authorize the collection of rents by a receiver which have already been paid, and come to the possession of the owner of the equity of redemption.

At the time of the commencement of the foreclosure in question an order restraining the defendant Scofield from collecting the rents upon the mortgaged property was duly served upon him, as also a notice of motion for the appointment of a receiver. This injunction was subsequently modified by the agreement of the parties so as to permit the defendant's agents, to continue to collect the rents, and retain them to abide the further order of the court. This stipulation was not intended to afford the plaintiff any ground for a claim upon those rents, that did not already exist by virtue of his mortgage, and its attempted foreclosure. The stipulation was intended as a modification of the terms of the injunction, and the dissolution of the injunction necessarily annulled the operation and effect of the stipulation. It operated simply as an amendment to the injunction, and was valid in affecting the defendant's interests, only to the extent that the court had power to affect them by such an order. If that order had resulted in the appointment of a receiver thereunder the court would doubtless have also had power to order the payment of those rents to the person appointed by them;

but such was not the result. Upon the hearing of the motion the court vacated the injunction, and denied the application for the appointment of a receiver. Then nothing stood in the way of the collection of the rents by the defendant Scofield.

The dissolution of the injunction left the parties in the same condition as though it had never been issued, and Baer & Co. thereafter held the rents previously collected, solely by virtue of their authority as agents of Scofield, and liable to pay them to him on demand. When these moneys came to the possession of the defendant's agent it operated as an effectual severance of the rents from the mortgaged property; and the possession of the agent was the possession of his principal. The reasonable interpretation of the language used in the stipulation amending the injunction order, providing that the money collected should be subject to the order of the court, meant an order to be made in that proceeding, and did not mean an indefinite order, made by any court, in any proceeding. These moneys were in no sense in the custody of the court, nor were they collected under its authority, and while the proceedings might have been conducted in such a manner as to create and continue a lien upon them, it was not done, and by the dissolution of the injunction all obstacles in the way of the assertion of Scofield's rights to the absolute disposition of those moneys were removed.

It would seem that this was the view originally taken by the court below when appointing a receiver on a renewed motion, inasmuch as the order then made, required Baer & Co. to pay to the receiver only such rents, as they had collected subsequent to the time of the dissolution of the first injunction.

It follows from these views that the orders of the General and Special Terms should be reversed.

All concur.

Orders reversed.