## HARTLEY *v.* MEYER.

(*Common Pleas of New York City and County, General Term.* December 5, 1892.)

MORTGAGES—RIGHTS OF MORTGAGEE—RENT ACCRUING AFTER FORECLOSURE.

　　The lessee of mortgaged premises with notice of the mortgage takes subject to the rights of the mortgagee, and if he pays rent in advance to the mortgagor, without the consent of the mortgagee or his assigns, he does so at his peril, and in case of foreclosure he will be liable to the purchaser for so much of the rent as accrues after the foreclosure.

Appeal from sixth district court.

Summary proceedings by Marcellus Hartley against Arthur L. Meyer to obtain possession of demised premises. From an order awarding possession to plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Melville H. Regensburger,* for appellant. *Allan McCulloh* and *Chas. W. Pierson,* for respondent.

BISCHOFF, J. The Lexington Improvement Company, as owner of the premises 128 East Thirty-Fourth street, in the city of New York, by mortgage dated November 27, 1888, and recorded on the next succeeding day, mortgaged the same to the Washington Life Insurance Company, and by indenture dated April 1, 1891, leased a portion of the same premises to Arthur L. Meyer, its manager, for 18 months from said April 1, 1891, at the monthly rental of $250, payable in advance. Subsequently to the mortgage the mortgagor became indebted to Meyer in the sum of $1,500 for salary, and to his wife in the sum of $2,200 for money loaned, and in September, 1891, the president of the mortgagor and Meyer, its manager, claiming to act under authority from the mortgagor, entered into an arrangement, whereby the unmatured rent reserved was appropriated and applied in extinguishment of the mortgagor's indebtedness to Meyer and his wife. Thereafter the mortgagee commenced its action to foreclose the mortgage, to which Meyer, who was also an obligor under a junior mortgage, was made a party, wh ch action terminated in a judgment of foreclosure and sale, in the execution of which Marcellus Hartley, the landlord, and respondent in these proceedings, became the purchaser; and by deed dated and recorded January 13, 1892, the mortgaged premises were conveyed to him "subject to all valid leases of said premises made prior to the 12th day of October, 1891." Thereafter Hartley demanded payment of Meyer, the tenant and appellant herein, of $250 for one month's rent, which, pursuant to the terms of Meyer's lease, would have matured on February 1, 1892, and, default having been made in such payment, pursuant to the provisions of sections 2231 and 2235 of the Code of Civil Procedure, for such cases made and provided, instituted summary proceedings to recover possession of the demised premises. On the trial the tenant urged the arrangement with the mortgagor, whereby all the unmatured rent reserved by his lease was credited to it in payment of its indebtedness to the tenant and his wife, in refutation of the alleged default, it being conceded that the rent maturing on February 1, 1892, was not otherwise paid; but the learned trial justice, being of the opinion that the evidence was insufficient to establish the authority of the president and manager of the mortgagor to enter into the arrangement on its behalf, directed a final order to issue awarding delivery of the possession of the demised premises to Hartley, from which an appeal is tak n to us. In our opinion, all inquiry touching the authority of the officers of the mortgagor to make the arrangement above mentioned, and the right of the purchaser under the foreclosure sale to attack such authority, is immaterial, and, for the purposes of determining the question involved on this appeal, it may be assumed both that the officers mentioned did not transcend the legitimate exercise of their respective functions, and that the purchaser is not in a position to assail their authority; but while this may be so, the mortgagor's officers did not undertake to conclude the mortgagee from any rights which he, or the successor of his interests, might have to the enjoyment of future accruing rents, nor could they have done so without the mortgagee's or his successor's assent. The mortgage, whether it be regarded as an estate in, or only as a lien upon, the mortgaged premises, operated as a transfer of the reversion after the mortgagor's default and foreclosure, to which the enjoyment of the rents was but an incident, and its record was notice of that fact to the lessee; and if, despite such transfer and notice, the lessee chose to anticipate the unmatured rent by payment to the mortgagor without the mortgagee's assent, he should be considered as having done so at his own peril. The acceptance of a conveyance, "subject to all valid leases of said premises, made prior to the 12th day of October, 1891," implies nothing more than a recogn.tion by the purchaser at the foreclosure sale of leasehold estates carved out of the reversion upon performance of the conditions subject to which they were granted, and had the effect of placing the lessees in the condition of lessees under leases made before the mortgage foreclosed, with the same rights, no more and no better. Lessees

who became such subsequent to the mortgage foreclosed, if made parties to the foreclosure proceedings, are divested of their estates by the judgment and sale thereunder, and may be proceeded against as trespassers; and the rents accruing from lessees under leases made before the mortgage may be intercepted by the mortgagee, or his successor in interest, in the proper proceedings instituted for such purpose.   Wood, Landl. & T. p. 183, etc., and cases collated in the notes.   Assuming, therefore, that Meyer's lease was made before the mortgage, its record, or his possession of the demised premises, would have constituted notice to the intending mortgagee sufficient to have called upon him for inquiry concerning the lessee's rights; and if it then appeared that the unmatured rent reserved had been anticipated by payment, the mortgagee's rights would be pro erly subjected to the lessee's right of continued possession growing out of h s payment of the rent reserved.   But if the unmatured rent had not at the time been anticipated by payment, then the subsequent record of the mortgage was notice to the lessee of the mortgagee's or his successor's right to intercept the rents upon the mortgagor's default and foreclosure, and of this right neither the mortgagee nor his successor in interest, the purchaser at the foreclosure sale, can be deprived unless it be with his assent.   The proposition of the tenant, if countenanced, would lead to the absurd result of enabling the mortgagor first to secure the value of his estate in the lands mortgaged by means of the sum advanced to him on the mortgage, and to secure it again by compounding the rents to mature under a prior existing lease, and to that extent diminishing the value of the mortgage security.   The order appealed from should be affirmed, with costs. All concur.