(26 Misc. Rep. 44.)

### LAWRENCE v. CONLON et al.

(Supreme Court, Special Term, New York County. January, 1899.)

MORTGAGES—FORECLOSURE—SALE BY MORTGAGOR—EVICTION BY RECEIVER.

A grantor of mortgaged premises, who agreed with his grantee, without fraud or collusion, that the grantor should occupy the premises for a certain time, without liability for rent, in lieu of a part of the consideration to be paid, cannot be evicted before the expiration of such time by a receiver afterwards appointed in a suit to foreclose the mortgage thereon.

Action by Chester B. Lawrence, as executor, against Margaret E. Conlon and others. Motion to punish defendant Kaufman Marks for contempt of court. Denied.

Phillips & Avery, for the motion.
Clemens J. Kracht, opposed.

GILDERSLEEVE, J. This is a motion to punish the defendant Marks for contempt of court. The action is to foreclose a mortgage. It appears from the affidavits handed up on this motion that on November 18, 1898, the said Marks and wife conveyed the premises No. 10 West 114th street to the defendant Zoeller, who agreed to pay $15,000 therefor, and assume a mortgage of $12,000. On the closing of the title, on said November 18th, it was contracted between the parties—i. e. Zoeller and Marks—that in lieu of the sum of $350, due on the purchase price, the said Zoeller would give Marks a lease of the premises until May 1, 1899, and would credit

Marks with payment of the rent in full for said premises up to May 1, 1899. Accordingly, Marks continued in the occupation of the premises. On or about December 19, 1898, nearly a month after the sale to Zoeller and the lease to Marks, this action was brought to foreclose the mortgage, and both Zoeller and Marks were made parties defendant. On December 30, 1898, an order was entered appointing a receiver of said premises, which order provides, among other things, that the receiver shall receive all rents, etc., due or to become due until his discharge; that he is authorized to prosecute suits to recover possession of the premises, or any part thereof, or for the collection of rent, and to institute summary proceedings for the removal of any tenant or other person from said premises. The order also provides that all persons are required to pay over to the receiver rents due, or which may become due, for said premises; and all parties to this action are enjoined and restrained from interfering with or obstructing the receiver, or causing anything to be done which may tend to interfere with or obstruct the carrying out of his duties as such receiver. On December 31, 1898, the receiver duly qualified, and on the same day a certified copy of the order was exhibited to Marks. On January 11, 1899, the receiver made a demand upon Marks for the possession and surrender of the premises, and served on him a copy of the order of receivership. Marks, however, refused to vacate the premises, and also refused to pay any rent for the same to the receiver. The receiver now makes a motion to punish Marks for contempt, by reason of his interfering with and obstructing. the receiver in the carrying out of his duties as such receiver, in violation of the injunction contained in the order. Marks, however, denies that he is in contempt; and he claims that no rent is due from him, nor will any become due until May 1, 1899, by reason of his contract of lease with the owner, Zoeller, prior to the appointment of the receiver, or even to the commencement of this action in foreclosure. He further claims that he has a perfect right to continue in the occupancy of the premises until May 1, 1899. The receiver does not appear to have instituted any proceedings to eject Marks, or to collect rent from him, other than this motion to punish him for a contempt and for a writ of assistance directing the sheriff to evict Marks.

In the case of Wyckoff v. Scofield, 98 N. Y. 475, the court of last resort held that a mortgagee has no claim, as such, to the rents and profits of the mortgaged premises; and while, in a proper case, he may, upon suit for foreclosure, have a receiver of the rents and profits appointed, who will be entitled to collect and receive such rents as have theretofore accrued, but have not yet come to the hands of the owner of the equity of redemption, and apply them to the payment of the mortgage debt, still the court has no power to order rents, already collected and in possession of the owner, to be paid over and thus applied. The lien of the mortgagee or of the receiver upon the rents dates only from the appointment of the receiver; and the right of the receiver to collect rents extends only to such as are unpaid at the time of his appointment. Wyckoff v. Scofield, supra. In the present case, the arrangement between the own-

cr of the equity of redemption, Zoeller, and Marks, was entered into a considerable time before the appointment of the receiver, and before the foreclosure suit was commenced. The lease to May 1st was part of the purchase price on the sale of the property from Marks to Zoeller, and I can find no authority for depriving Marks of his rights thereto. It is not claimed that there was any fraud or collusion between Marks and Zoeller, and there is no reason for not believing that it was a plain, straightforward, and bona fide contract. The receiver cannot turn Marks out for nonpayment of rent that had been paid, without fraud or collusion, before the appointment of the receiver. See Insurance Co. v. Stebbins, 8 Paige, 565; Argall v. Pitts, 78 N. Y. 239; Rider v. Bagley, 84 N. Y. 461; Wyckoff v. Scofield, 98 N. Y. 475. This motion must be denied, with $10 costs.

Motion denied, with $10 costs.