(35 Misc. Rep. 230.)

### FLETCHER et al. v. McKEON et al.

### In re ROBINSON.

(Supreme Court, Special Term, New York County. June, 1901.)

1. FORECLOSURE OF MORTGAGE—RECEIVER—RENTS.

Where, in foreclosure, a receiver of the rents and profits has been appointed under a clause in the mortgage, and a tenant of the whole of the mortgaged property has paid the rent in advance to the mortgagor, the receiver cannot restrain the tenant from collecting the rents of the subtenants during the time of the tenant's advance payment.

2. SAME—RIGHTS OF LESSEE.

Rights of lessee of mortgaged premises where mortgage is recorded before lease is made are not cut off until a sale in foreclosure.

Action by Austin B. Fletcher and others against John McKeon and others. Application of James A. Robinson, receiver appointed in the above-entitled action, for an injunction. Denied.

Austin B. Fletcher (Joseph M. Lesser, of counsel), for plaintiffs and receiver.

Ralph Nathan, for lessee.

BLANCHARD, J. This is an application made by a receiver of rents of mortgaged premises, appointed in an action to foreclose the mortgage, to enjoin a defendant, claiming to be a tenant of the entire premises, from collecting the rents of the premises from subtenants, and from interfering with the receiver in the collection of these rents. The tenant claims to be in possession of the mortgaged premises by virtue of a lease of the entire premises, under which he has paid to a former owner of the equity of redemption the rent of said premises in advance for several months, and up to August 1st of the present year. The receiver contends that he is entitled to the rents of the mortgaged premises as against the lessee, because of the fact that the mortgage under foreclosure was made and recorded prior in time to the lease, and that, therefore, the lessee took subject to all the provisions of the mortgage, including that clause by virtue of which the mortgagee is given the right to apply for a receiver of the mortgaged premises in an action brought to foreclose the mortgage. This may be true, and yet the receiver so appointed acquires no rights to the rents paid to the owner of the equity prior to his appointment. The receiver is only entitled to collect such rents as have accrued and have not come into the hands of the owner of the equity of redemption. Wyckoff v. Scofield, 98 N. Y. 475; Rider v. Bagley, 84 N. Y. 461. The tenant produces his written lease, which acknowledges receipt of the rent of the demised premises for

the months of March, April, May, June, and July, 1901, and the bona fides of the lease is not attacked on this motion. The case of Hartley v. Meyer, 2 Misc. Rep. 56, 20 N. Y. Supp. 855, while holding that a lessee who has paid rent in advance to the owner of the equity of redemption does so at his peril, in so far as he is charged with notice that his rights may be cut off by the default of the mortgagor and the foreclosure and sale of the property; but a careful examination of the case discloses that it is not therein held that the lessee's rights are cut off prior to the judgment of foreclosure and sale. No case which goes to that extent has been called to my attention, and I have not been able to find any, and the contrary seems to have been held in Lawrence v. Conlon, 26 Misc. Rep. 44, 46, 56 N. Y. Supp. 345. The motion is therefore denied, but, in view of the motion having been made pursuant to dicta of mine on a previous motion, without costs.

Motion denied, without costs.