(35 Misc. Rep. 551.)

### MOLL v. McKEON et al.

(Supreme Court, Special Term, New York County. July, 1901.)

MORTGAGES—DEFAULT IN INTEREST—RENTS.

Where a mortgage provides that on default of interest the rents are assigned to the mortgagee, and default is made, a lessee of the mortgagor, who became such after the default, and paid his rent in advance, will be enjoined, at the suit of the receiver, from interfering in the collection of the rent from him by the receiver.

Action by Celesta Moll against John McKeon and others. Motion for an injunction. Granted.

C. S. Houghton, for receiver.

Ralph Nathan, for lessee Lena Vogel.

BLANCHARD, J. The mortgage under foreclosure was made and recorded long prior to the making of the alleged lease with Lena Vogel, under which the said Vogel claims the rents of the premises under foreclosure. The lease is dated May 15, 1901, and is for the term of one year from June 1, 1901. The check for the rent in advance for the months of June, July, August, and September, 1901, is dated May 20, 1901. It appears from the amended complaint herein that the default in the payment of interest occurred on or about April 27, 1901. The mortgage, which was recorded October 27, 1898, contains a clause providing that upon default in the payment of interest the rents of the premises are thenceforth assigned to the mortgagee. The mortgage being of record, the lessee must be held charged with notice of the terms of the mortgage, and of the clause therein just referred to. The default in the payment of interest having occurred prior to the alleged lease, the right of the alleged lessee must yield to that of the plaintiff. The alleged lessee having, therefore, no right to the rents, it follows that the motion of the receiver to enjoin her from interfering with him in the collection of the rent is granted, with $10 costs.

Motion granted, with $10 costs.