(37 Misc. Rep. 423.)

KRAKOWER v. LAVELLE.

(Supreme Court, Special Term, New York County.   March, 1902.)

CONTEMPT—WHAT CONSTITUTES.
    Where a tenant, to accommodate his landlord, has paid him on his receipt therefor five months' rent in advance by notes, which the landlord has procured to be discounted and has converted into cash, the tenant is not guilty of contempt in refusing to pay rent to a receiver subsequently appointed in an action to foreclose a mortgage on the premises.

Action by Fanny Krakower against George N. Lavelle.   Motion to punish for contempt.   Denied.

Joseph Martin, for the motion.
A. C. Astarita, opposed.

GILDERSLEEVE, J.   This is a motion to punish one Francesco Marchesi for contempt.   The facts are substantially as follows, viz.: On or about May 1, 1901, Marchesi rented the entire premises, Nos. 2072, 2074, and 2076 First avenue, from the then owner, one Mullen, for four years and eleven months from said May 1, 1901, at a monthly rent of $500.   In October, 1901, the defendant, George A. Lavelle, became the owner of the premises, and Marchesi duly attorned to him as landlord.   On or about November 5, 1901, said Lavelle, as the owner of said premises, made an arrangement with the tenant, Marchesi, by which the latter was to pay the rent in advance for the months of December, 1901, and January, February, March, and April, 1902, by giving five promissory notes for $500 each, payable, respectively, on the 4th days of December, 1901, and January, February, March, and April, 1902.   The notes were duly made and delivered, and a receipt for $2,500, the rent in full for the five months above mentioned, was given by Lavelle to Marchesi. Lavelle swears that this arrangement was made as an accommodation to himself; that he got the notes discounted, and got the cash on the same, less the discount, all before the maturity of the first note, which was due on December 4, 1901, as above stated.   It further appears from the affidavit of Lavelle that the notes were all made and delivered before any proceedings looking to a receivership in the foreclosure proceedings had been instituted.   On or about the 1st of November, 1901, an action to foreclose a mortgage on the premises was begun, and Lavelle, as owner, and Marchesi, as tenant, were made parties defendant and duly served with process.   On or about December 31, 1901, Mr. William J. Lynch was duly appointed receiver of the rents and profits pendente lite.   It seems very clear, therefore, that Lavelle, at least, must have had the foreclosure proceedings, and the possible appointment of a receiver, in mind,

when he made the arrangement to collect the rent months before it was due. The order appointing the receiver was duly served on Marchesi, on or about the said 31st day of December, 1901, and contained the usual provisions forbidding the collection of rent by any one but the receiver. Marchesi refused to pay to the receiver any rent as tenant of the premises in question. For such refusal to pay this motion is made to punish said Marchesi for contempt. In the case of Fletcher v. McKeon, 35 Misc. Rep. 230, 71 N. Y. Supp. 812, Mr. Justice Blanchard held that the tenant's rights are not cut off until the sale in foreclosure, and that the receiver has no right to rents paid to the mortgagor before the receiver's appointment. In the case of Wyckoff v. Scofield, 98 N. Y. 475, it was held that a mortgagee has no claim, as such, to the rents and profits of the mortgaged premises, and while, in a proper case, he may, upon foreclosure, have a receiver of the rents and profits appointed, who will be entitled to collect and receive such rents as have theretofore accrued, but have not yet come into the hands of the owner of the equity of redemption, and apply them to the payment of the mortgage debt, still the court has no power to order rents, already collected and in possession of the owner, to be paid over and thus applied. In the case at bar there is no evidence of fraud on the part of Marchesi in the arrangement by which he made the advance payments, except such as may be implied, if any, from the fact that he knew a foreclosure suit had been begun. There is no evidence that he had any personal interest or motive in paying the rent in advance, which seems to have been done solely to accommodate Lavelle. There is no contradiction of the sworn statement of Lavelle that the notes were made, delivered, discounted, and the cash thereon received previous to December 4, 1901, and some time before the appointment of the receiver on December 31, 1901. It would appear, therefore, that Marchesi had discharged his obligations so far as his landlord is concerned. Undoubtedly, if it can be shown that any fraud in the arrangement between Marchesi and Lavelle can be imputed to Marchesi, the latter cannot shield himself behind such agreement; but, so far as the papers on this motion are concerned, no such evidence as would justify a finding of fraud is presented. I incline to the opinion that this motion should be denied, without costs, and with leave to renew on further papers.

Motion denied, without costs, with leave to renew on further papers.