## ISAACS v. GREENBERG.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

MORTGAGES (§ 199*)—RENT—PAYMENT.

Where a mortgage on demised premises is recorded before the lease, the lessee anticipates payment of rent at his peril, but where the mortgage is not recorded until after the execution of the lease, the lessee may in good faith anticipate payment of rent, and such payment will protect him as against the mortgagee after foreclosure.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 513–525; Dec. Dig. § 199.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Benjamin F. Isaacs against Louis Greenberg. From a judgment awarding plaintiff, as landlord, possession of premises for nonpayment of rent, defendant appeals. Reversed, and proceedings dismissed.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

David Strausman, of New York City, for appellant.

Julius O. Foote, of New York City, for respondent.

BIJUR, J. The tenant appellant held under a lease made April 1, 1912. Respondent was appointed receiver June 30, 1913, in proceedings for foreclosure of a mortgage on the premises executed December 2, 1912, and recorded the following day. He immediately notified the tenant of his appointment, and made demand for rent the following day. The rent was due monthly on the first of each month in advance. Before the appointment of the receiver, namely, June 23, 1913, the

tenant gave the owner of the equity a check for the July rent, and on June 25th, two notes for the payment of the August and September rent. The check and notes were less ten per cent. of the amount of the rental reserved, which discount was allowed by the owner for the payment in advance.

It is not contended by respondent that a receiver in respondent's position is ordinarily entitled to collect rents other than those unpaid. His claim is that, although the lease was made prior to the execution of the mortgage, the recording of the mortgage was notice to the tenant of the rights of the mortgagee to have the rent subjected to the lien of the mortgage, in event of default, by an appointment like that of respondent.

It is held in Fletcher v. McKeon, 71 App. Div. 278, 75 N. Y. Supp. 817, that where the mortgage is recorded before the lease, the lessee anticipates payment of rent at its peril, and in Hartley v. Meyers, 2 Misc. Rep. 56, 20 N. Y. Supp. 855, it was decided that the recording of a mortgage after the making of a lease was constructive notice to the tenant of the mortgagee's rights. But this case has never been cited except in the Fletcher Case at Special Term (35 Misc. Rep. 230, 71 N. Y. Supp. 812) which, however, was reversed by the Appellate Division in 71 App. Div. On the other hand, it is perfectly evident from the discussion in Tarbell v. West, 86 N. Y. 280, that the effect of notice under the recording acts is so limited at least as not to reach a prior lessee in case of the recording of a mortgage after the making of his lease. There is no claim of fraud in the making of the advance payment in the case at bar. The tenant, having therefore paid in advance the rent for the months of July, August, and September prior to the appointment of the respondent as receiver, was entitled to enjoy undisturbed the possession of the demised premises, and the final order must therefore be reversed.

Final order reversed with costs, and proceedings dismissed with costs. All concur.