## Abraham Rosenblatt Building and Loan Ass'n v. Miller et al.

*Joseph H. Sundheim* (of *Bernheimer & Sundheim*), for petitioner.
*Judah Zelitch* (of *Aarons, Weinstein & Stone*), contra.

KUN, J., Dec. 31, 1929.—This is a novel proceeding. Plaintiff association, holder of a second mortgage executed by the defendants on property owned by them, instituted foreclosure proceedings in the regular way on account of certain defaults. Pending the sale of the mortgaged property, the plaintiff filed a petition for the appointment of a receiver to take charge of the premises, to collect the rents and profits therefrom, to be disposed of as may be directed by the court. In one part of the petition, it is averred that the property was being conducted by the defendants as a garage; in another part that they are receiving the rents, issues and profits from the property, but are not applying them to the payment of taxes and interest on the mortgage. The petitioner alleges that it was obliged to make a payment on account of interest on a prior lien on the premises.

It is also alleged that the defendants are insolvent, and, due to mismanagement of the property by them, the premises have so decreased in value that they would be insufficient to pay the taxes and the mortgage debt.

An answer was filed by the defendants substantially denying the averments in the petition, but really raising the legal question of the right of the court to appoint a receiver such as prayed for under the allegations of the petition.

It is to be borne in mind that this is not a creditors' bill in equity for the appointment of a receiver, but is an application by petition ancillary to foreclosure proceedings pending at law, seeking what, in effect, amounts to a sequestration of the profits of the business of the defendants conducted at the mortgaged premises, since there are, strictly speaking, no rents issuing out of the premises, the defendants, mortgagors, being, as alleged in the petition, in possession of the premises and conducting business therein.

The court knows of no legal authority for the appointment of a receiver in these circumstances. Even were this a case in which the mortgaged premises were rented and defendants were collecting the rents, there would be no authority in this proceeding for the appointment of a receiver as prayed for.

In all the cases to which the court has been referred in which receivers for mortgaged premises have been appointed, it appears proceedings were by bill in equity seeking relief against waste of the mortgaged property itself, or where the principal debtor was a corporation and the mortgage covered the entire plant, machinery and tools used in the business and a receiver was appointed to continue the business to preserve the property (The First National Bank v. Detroit Trust Co., 248 Fed. Repr. 18; Broad and Market National Bank v. Larson, 102 Atl. Repr. 265; Pacific Northwest Packing Co. v. Allen, 109 Fed. Repr. 515), or cases in which the mortgage covered rents, issues and profits (Grether v. Nick, 193 Wis. 503; Equitable Trust Co. v. Port Wentworth Terminal Corp., 281 Fed. Repr. 883; Bussard v. Parker (Supreme Court of Iowa), 198 N. W. Repr. 490), or where the appointment of a receiver in these circumstances was pursuant to specific statutory authority: Leader Publishing Co. v. Grant Trust and Savings Co., 182 Ind. 651; Baker v. Varney, 129 Cal. 564.

Indeed, in the latter case, the initial appointment of a receiver was declared to be void because the facts did not come within the statute, the court pointing out that, prior to the enactment of the statute, it had been definitely determined in that state (California) "that in a foreclosure suit the court had no power to appoint a receiver to collect the rents and profits pending the litigation" (page (565). No doubt, if a case of actual waste of the mortgaged premises were presented, a restraining order might issue to prevent the destruction or impairment of the premises, but it certainly is a strange construction to hold that mere non-payment of taxes and failure of the mortgagor to apply rents in payment of the mortgage constitute waste as understood in the law. The furthest that any of the courts have gone in that direction are those of Minnesota, although in Nielsen v. Heald, 151 Minn. 181, the court recognized that "plaintiff . . . had the burden of proving, by clear and convincing evidence, that his security had become impaired by waste caused or permitted by the defendant." In a later case, Larson v. Orfield, 155 Minn. 285, the court appointed a receiver because it held there was an impairment of the mortgaged property, an apartment building, which was neglected and fell into disrepair, producing a deterioration in value and resulting in loss of tenants. This the court held to be waste.

In a later case, National Bank v. Reno, 172 Minn. 193, after the court said it was true that a non-payment of taxes and interest on prior encumbrances alone does not justify the appointment of a receiver at the instance of a second mortgagee, it concluded by saying that such omissions have been considered in that state in the nature of waste when taken in connection with insolvency of the owner of the premises (page 197). This, it seems to me, is an extreme view which lacks support in the doctrine of waste, upon which it is ostensibly based, there being no other basis in the law for it. Indeed, the Minnesota courts seem to have receded somewhat from their former position, one of their last cases holding that, under the ordinary mortgage on Minnesota real estate, a receiver could not be appointed to collect rents and profits and apply them on delinquent taxes or interest: John Hancock Mutual Life Ins. Co. v. Meester, 216 N. W. Repr. 329 (Minn., 1927).

That it is the doctrine of waste or impairment of the mortgaged premises which is the real basis of the appointment of a receiver in those jurisdictions where such an appointment is made is indicated by the ruling that rents and profits collected by the receiver pending the litigation and up to the time of sale are payable to the holder of the legal title: Gerber v. Heath, 92 Wash. 519; likewise, when a mortgagor has been restrained from collecting the

rents and they had been collected by an agent for the mortgagor: Wyckoff v. Scofield, 98 N. Y. 475. Indeed, even where a mortgage covers rents, issues and profits, it is held to be a lien on the land only, and such words apply only to rents after the mortgagee has taken possession, and until that time they belong to the mortgagor: Myers v. Brown, 92 N. J. Eq. 348.

After all, waste in common law is spoil or destruction committed in houses or other corporeal hereditaments to the injury of one who has the remainder or reversion in fee. It may be actual, as pulling down a house, or permissive, in suffering a house to fall down for want of repairs: McCullough v. Irvine's Exec'rs, 13 Pa. 438, 440.

Equitable waste is defined to be such acts as work manifest injury to the inheritance, although they are not inconsistent with the legal rights of the party who commits them, or, in other words, an imprudent management of property to the prejudice of the remainderman: 40 Cyc., 499, and cases cited.

The doctrine has been extended to enure to the benefit of a mortgagee or other legal holder, but to entitle a party to such a remedy as is sought in this case, either waste or equitable waste of the mortgaged premises would have to be shown. I cannot follow the extension of the doctrine of waste of mortgaged premises to include the failure of the mortgagor to apply the rents of the mortgaged premises to the payment of taxes and mortgage interest. Such a right could be predicated only on the assumption that the mortgagee is entitled to the rents of the mortgaged premises. The law is otherwise: 41 Corpus Juris, 627; Bindseil v. Liberty Trust Co., 41 Am. Bank Reps. 454 (C. C. A. 3rd Cir.); Gerber v. Heath, Wyckoff v. Scofield, supra; Talbot's Appeal, 2 Walk. 67.

There is also no point in the proposition that the petitioner was compelled to pay interest on a prior mortgage to prevent its foreclosure. This did not give petitioner an equitable lien on the profits: Wilsford v. Johnson (Miss.), 105 So. Repr. 736.

While the direct question has never been raised in Pennsylvania, so far as any reported case discloses, my attention has been called to the case of Mastbaum et al. v. Reichell et al. (C. P. No. 4, Phila. Co., December Term, 1911, No. 4387), in which a similar application was made to the court and refused by Judge Audenried, although no opinion was filed. The ruling of the court was entirely justified by the law on the subject-matter in this State. To begin with, courts in Pennsylvania have no jurisdiction in equity to decree a sale of mortgaged premises at the instance of the mortgagee. The foreclosure proceedings are at law under statute: Ashhurst et al. v. The Montour Iron Co., 35 Pa. 30. It is true that if the court has properly acquired equitable jurisdiction in a case and such a sale becomes incidental to the cause, a sale may be ordered, but that, of course, is another matter: Morss's Appeal, 97 Pa. 385, 395.

Then again, as stated in Myers v. White, 1 Rawle, 354, "there has been an essential departure from the law of England in Pennsylvania, for the mortgagee has no estate, property or interest in the land until he takes possession of the property. Nor has it . . . ever been understood that such a privity exists, as that a mortgagee can compel the tenant of the mortgagor to pay him the rent, whether the lease was executed either before or after the mortgage. . . . In Pennsylvania, a mortgage, as has been held in repeated decisions, although in form an absolute conveyance, is, in substance, but the security for a debt. The mortgagor is the owner of the land, with the same power over it as any other tenant in fee, with encumbrances or liens upon the property." So that in Pennsylvania the conclusion does not depend on the form of the action, but follows from our conception of the mortgage. Indeed, even

in equity a conveyance, in whatever its form, is treated as a mortgage whenever it appears to have been taken as security for a loan, and although the proceedings are in equity, the legal position of the parties is not changed. The equitable mortgagee has no estate, property or interest in the land until he takes possession, and a mortgagor is not liable to account for rents and profits before the sale of the mortgaged premises: Talbot's Appeal, 2 Walk. 67 (affirming Talbot v. Chester, 2 Ches. Co. Reps. 57).

Indeed, under section 119 of the Execution Act of June 16, 1836, P. L. 755 (2 P. & L. Dig. of Laws, col. 3501, pl. 194, 2nd ed.), a purchaser of land sold at sheriff's sale does not become entitled to recover rents until the acknowledgment of a sheriff's deed. Prior to that time, the terre-tenant, or the owner as whose land the property is sold under execution, is entitled to receive the rents.

Counsel for the petitioner has referred the court to the case of Balaben et al. v. Feinberg et al. (C. P. No. 5, Phila. Co., September Term, 1926, No. 4825), in which the court appointed a receiver, but that was on a bill in equity in which a number of corporations were named as defendants. It was not a foreclosure proceeding. As has been pointed out, there is no jurisdiction in equity in this State to decree a foreclosure as such. Also, it is well established that the appointment of a receiver can be done only by a bill in equity, and such an appointment is the exercise of a power in aid of the equity proceeding: Oil Co. v. U. S. Petroleum Co., 57 Pa. 83. It has been decided that there is no jurisdiction even in equity to appoint a receiver to collect rent of lands in possession of the defendant. The remedy is at law: Schlecht's Appeal, 60 Pa. 172.

In the case before the court, moreover, as has been shown, the defendant mortgagors are entitled to the rents and profits of the mortgaged premises until they are sold in the foreclosure proceedings and deed to the purchaser is acknowledged. It is clear, therefore, that the prayer of the petitioner for the appointment of a receiver to collect the rents and profits of the mortgaged premises pending the foreclosure proceedings cannot be granted, whether the petition be regarded, as in fact it is, merely ancillary to the foreclosure proceedings or regarded as in the nature of a bill in equity.

Whether in exceptional circumstances it would be advisable to have a sequestration of the rents of mortgaged premises during foreclosure proceedings is a subject which the legislature might well consider, but, in the absence of legislative sanction, there is no authority in the law for such action.

The rule for the appointment of a receiver is discharged.