The bill in this cause was filed, and an order to show cause why a receiver of rents should not be appointed advised and served, on November 22d 1932, and a receiver was appointed November 29th, 1932. At the time of his appointment *Page 442 
Holmes and Von Schmid held a lease for a portion of the mortgaged premises at a rental of $90 per month, payable on the first day of the month. The receiver demanded the rent due December 1st and it was refused, the tenants claiming that they were not liable to the receiver as they had already, on October 1st, 1932, paid their landlord, the mortgagor, four months' rent in advance and they produced a receipt and canceled check showing such payment.
The question here presented is whether or not the tenant is protected with respect to such advance payment as against the receiver. While the rule applicable to this controversy is not uniform in the several states, the weight of authority is to the effect that where rent is paid in advance of the time stipulated in the lease for its payment, and a transfer of the reversion takes place thereafter, but before the time stipulated for such payment, the tenant is not protected as against the transferee who purchases without knowledge of the fact. 16 R.C.L. 917, tit."Landlord and Tenant" § 423; note to Glidden v. SecondAvenue Investment Co. (Minn.), L.R.A. 1915 C, 190 (at p.233); and this appears to be the English rule. De Nicholls v.Saunders (L.R.), 5 C.P. 589 (Eng.) 1870; 39 L.J.C.P.N.S.297; Cook v. Guerra (L.R.), 7 C.P. 132; 41 L.J.C.P.N.S.89. The variation in the rule as applied in the different jurisdictions is dependent largely upon the prevailing doctrine relating to mortgages. Where the common law doctrine that a mortgage conveys the legal title prevails, a mortgage of land taken subject to a lease carries the reversion so as to entitle the mortgagee to all rents subsequently accruing. But where the rule is that a mortgage is merely a lien, a security, the law is to the contrary and the mortgagee does not become entitled to the rents until he becomes entitled to possession after decree in foreclosure. 16 R.C.L. 918, tit. "Landlord and Tenant" § 425.
See, also, 2 Jones Mort. (8th ed.) 361 §§ 978, 981, 982;19 R.C.L. 564, tit. "Mortgages" § 373; 42 C.J. 128, tit."Mortgages" § 1704; Martin v. Martin, 7 Md. 368;61 Am. Dec. 364; Massachusetts Hospital Life Insurance Co. v. Wilson,51 Mass. 126; Fitchburg Cotton Manufactory Corp. v. Melven, *Page 443 15 Mass. 268; Henshaw, Ward Co. v. Wells, 28 Tenn. 568. In other words, the right to rents and profits of real estate follows the legal title and the right to possession.19 R.C.L. 319. Where the mortgage entitles the mortgagee to possession and thus to the rents and profits, the tenant is not protected for such advance payments. 16 R.C.L. 918, tit. "Landlord andTenant" § 425. But he is protected in jurisdictions where the right to possession does not follow the mortgage (Grether v.Nick, 193 Wis. 503; 213 N.W. Rep. 304; 55 A.L.R. 525); although even in such jurisdictions if the advance rent is paid in anticipation of foreclosure, and by connivance between the mortgagor and tenant to defraud the mortgagee, the tenant is not protected. Gaynor v. Blewett, 82 Wis. 313; 52 N.W. Rep. 313.
But it has been held that advance payments of rent pursuant to abona fide contract made prior to default are protected. Smith
v. Cushatt, 199 Iowa 690; 202 N.W. Rep. 548. This rule would undoubtedly apply where the lease provides for payment of rent in advance, but where the lease specifies monthly payments such payments cannot, at least in this jurisdiction, be anticipated to the injury of the mortgagee who has taken his mortgage on the faith of the terms of the lease. In some jurisdictions the right of the parties seems to depend upon notice. Bouker v. Spicer
(Mich.), 6 N.W. Rep. 117; American Exchange National Bank v.Smith, 113 N.Y. Supp. 236; Dreyfus v. Hirt, 82 Cal. 621;23 Pac. Rep. 193; Isaacs v. Greenberg, 145 N.Y. Supp. 921;Hartley v. Meyer, 20 N.Y. Supp. 855; Moll v. McKeon
(N.Y.), 35 Misc. 531; 71 N.Y. Supp. 1127; Fletcher v.McKeon, 71 App. Div. 278; 75 N.Y. Supp. 817. But we need not be concerned here with the question of notice, as under the terms of the thirteenth paragraph of the lease the lessees' rights are expressly subordinated to those of the mortgagee.
In New Jersey the common law rule that a mortgage in fee created an immediate estate in fee-simple in the mortgage subject to defeasance by the payment of the mortgage money according to the condition of the mortgage prevails, except that the right to entry and possession is postponed *Page 444 
until default. Montgomery v. Bruere, 4 N.J. Law [*]260;Colton v. Depew (Court of Errors and Appeals), 60 N.J. Eq. 454,457. By the express terms of the mortgage here involved, the mortgagee's right to possession and to the rents and profits becomes absolute on default. Ibid. Where possession is taken through the medium of a receiver appointed in foreclosure proceedings, the receiver is ordinarily entitled to collect all rents accruing after his appointment. Stewart v.Fairchild-Baldwin Co., 91 N.J. Eq. 86; Meyers v. Brown,92 N.J. Eq. 348; New Order Building and Loan Association v. 222Chancellor Avenue, 106 N.J. Eq. 1; Paramount Building and LoanAssociation v. Sacks, 107 N.J. Eq. 328. While rent to accrue is not an inseparable incident to the reversion, and is assignable at common law independent thereof (16 R.C.L. 914,tit. "Landlord and Tenant" ¶ 421) it is well settled that an assignment of the reversion carries such rent unless expressly reserved. Ibid. ¶ 422. And see Gribbie v. Toms,70 N.J. Law 522; affirmed, 71 N.J. Law 338. The reversion may be assigned by way of mortgage, as here, as well as by deed absolute. In the instant case, not only was there no express reservation of the rents, but the mortgage itself gives the mortgagee the right to possession upon default, and the rents are incidental to that possession. It follows that where the lease antedates the mortgage, the mortgagee has a right to rely upon the prospective rents under that lease as an incident of the reversion, and, after default, the right becomes absolute and unaffected by adverse acts of the mortgagor or the tenant; and where, as here, the prior lease is by its terms expressly subordinated to the mortgage, or the mortgage antedates the lease, the mortgagee's rights to the rents upon default cannot be defeated by a private arrangement between the tenant and the mortgagor.
The tenant is liable to the receiver for all rents accrued subsequent to the date of his appointment, notwithstanding advance payments made to the mortgagor. *Page 445