THE WOMAN'S HOSPITAL IN THE STATE OF NEW YORK, Respondent, Appellant, *v.* SIXTY-SEVENTH STREET REALTY CO., INC., Appellant, Respondent, Impleaded with MANUFACTURERS TRUST COMPANY, Respondent, and THE PEOPLE OF THE STATE OF NEW YORK and Others, Defendants.

PAUL R. GORDON, an Interested Party, Appellant, Respondent.

First Department, January 19, 1934.

*Vincent Keane* of counsel [*Larkin, Rathbone & Perry,* attorneys], for the plaintiff.

*Isaac N. Jacobson* of counsel [*Paul R. Gordon,* attorney], for the defendant Sixty-seventh Street Realty Co., Inc.

*Hastings S. Morse* of counsel [*Newman & Bisco,* attorneys], for the defendant Manufacturers Trust Company.

O'MALLEY, J. The question presented is whether the second mortgagee or the owner of the equity, parties to an action to fore-

close a first mortgage, is entitled to the balance remaining in the hands of an assignee of rents pending foreclosure.

The plaintiff was the owner of a consolidated first mortgage which covered premises No. 226 East Sixty-seventh street, borough of Manhattan, city of New York. The defendant Sixty-seventh Street Realty Co., Inc. (hereinafter called realty corporation) was the owner of the equity, while the defendant Manufacturers Trust Company was the holder of a second mortgage. The mortgage of the plaintiff had been guaranteed by the Lawyers Mortgage Company.

There being a default in an installment of principal, taxes and interest, plaintiff brought this action to foreclose, merely for the items mentioned, there being no election to accelerate payment of the entire principal.

Shortly after this action had been instituted, the defendant owner assigned the rents to the Lawyers Mortgage Company which, as above set forth, had guaranteed to the plaintiff the payment of its consolidated mortgage. The assignment recited that the mortgage in suit was controlled by the Lawyers Mortgage Company and that it provided that in the event of any default the rents were assigned to the mortgagee as additional security; that the assignment was made in execution of this provision and as additional security and in order to avoid the expenses of a receivership.

Under the assignment the owner authorized the application of any income which might be collected thereunder to (1) the payment of arrears then or at any time existing under the mortgage, while the agreement was in effect; (2) interest and installment, if any, payable on account of the principal sum; (3) wages and salaries of servants and employees; (4) commissions of agents and attorney's fees; (5) charges or expenses paid or incurred by the assignee in the operation of the premises; and (6) any balance remaining thereafter to the reduction of the principal of the mortgage.

The owner vested the assignee with discretion to determine to which one or more of the aforesaid purposes the rents, income and profits should be applied, the order of such application, the amount to be applied and the time.

Under the judgment of foreclosure and sale the premises were sold subject to plaintiff's consolidated mortgage and were bid in by the defendant second mortgagee, Manufacturers Trust Company, for the sum of $5,700. The said defendant made no application for the appointment of a receiver in the action, nor took any step by way of assertion of any right towards the rent collected by the assignee, pending foreclosure. It moved the court, however, after the sale had been made, to compel the assignee to turn the unapplied

balance of the rents collected over to the referee. This, of course, would increase the surplus arising from the sale to its benefit.

The Special Term, instead of granting the motion as made, decided, under a theory of marshaling of assets, that the plaintiff itself, and not the assignee, should turn over to the referee an amount equal to that remaining on hand with the assignee. In the court's view the assignee was merely the agent of the plaintiff. The plaintiff, therefore, was directed to pay into the surplus this alleged overpayment and by the decision was required to look to its agent for reimbursement.

We are not in accord with the views of the Special Term. The assignee, it seems to us, was acting for its own protection and benefit. It did not act as plaintiff's agent. It was seeking to protect itself under its guaranty of the mortgage under foreclosure.

In the absence of fraud or collusion the rents of mortgaged property belong to the owner of the equity until a judgment of foreclosure and sale or a proper order with respect to such rents made during foreclosure proceedings. (*Bank of Manhattan Trust Co.* v. *571 Park Ave. Corp.*, 263 N. Y. 57, 62; *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 id. 285; *Prudence Co.* v. *160 West 73d St. Corp.*, 260 id. 205.)

The second mortgagee herein made no application to protect its own mortgage with respect to the rents assigned during the pendency of the action. The assignment in question made no mention of the second mortgagee and was in no way made for its benefit. The assignee took for restricted uses, none of which was for the benefit of the junior lienor. As a mortgagee out of possession under such circumstances it had no rights to the rents. (*Argall* v. *Pitts*, 78 N. Y. 239; *Frank* v. *N. Y., L. E. & W. R. R. Co.*, 122 id. 197, 221; *Sullivan* v. *Rosson*, 223 id. 217; *Harris* v. *Taylor*, 35 App. Div. 462; *Conley* v. *Fine*, 181 id. 675.)

We are of opinion, therefore, that the relief granted at Special Term was unauthorized.

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

FINCH, P. J., MERRELL, MARTIN and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements to the appellants against the defendant, respondent, Manufacturers Trust Company, and motion denied, with ten dollars costs.