GAYNOR, Respondent, vs. BLEWETT and another, Appellants.

*May 3 — May 24, 1892.*

*Mortgages: Foreclosure: Receivers: Rights of tenant of mortgagor.*

A tenant who leases mortgaged land after the filing of a notice of *lis pendens* in an action to foreclose the mortgage, takes the land subject to whatever order the court may make affecting the title or possession; and although he has paid rent for a year in advance, when a receiver is afterwards appointed the court may properly order that the tenant shall either surrender possession to such receiver or attorn to him and pay to him a reasonable rent for the use of the premises after the date of his appointment.

APPEAL from the Circuit Court for *Winnebago* County.

This action was for the foreclosure of a mortgage, and notice of the pendency of it was filed May 26, 1887. Final decree of foreclosure and sale was entered at the May term, 1891, and an order was made on the 5th of May, 1891, appointing one Hughes receiver of the mortgaged premises, directing him to take possession thereof, manage and control the same, and have, collect, and receive all the rents, issues, and profits arising or growing out of the estate, and to take charge of it during the pendency of the action and until the further order of the court.

On or about the 1st day of January, 1891, one *John F. Smith* entered into possession of the premises as tenant under the defendants, the mortgagors, and has held possession ever since. After the appointment of the receiver he exhibited the order of his appointment to the tenant, *Smith,* and demanded possession and control of the premises, and *Smith* refused to give possession to him, or to pay rent, or to recognize his rights in the premises. The reasonable value of the rent of the premises is alleged to be about $400 per annum.

Application was made, upon these grounds, to the court

for an order directing the receiver to take possession or se-
cure the rent. The tenant, *Smith*, opposed the application,
stating that he rented the premises from the mortgagor
soon after the 1st of April, 1891, for the term of one year,
for $275, which he had paid him in full therefor, and which
was all it was reasonably worth, and that at the time of
making such lease and paying the rent he had no notice of
any intention to apply for a receiver in the action. The
court ordered that *Smith*, the tenant, forthwith deliver
possession of the premises to the receiver, or else pay or
secure to be paid to him the reasonable rent for the use and
occupation of said lands for the then current year, and that
he attorn to said Hughes as receiver. The mortgagor,
*Blewett*, and the tenant, *Smith*, jointly and severally ap-
pealed from the order.

*Edward S. Bragg*, for the appellants.

For the respondent the cause was submitted on the brief
of *Geo. E. Sutherland*. He cited *Boyd v. Weil*, 11 Wis.
58–60; *Gelpeke v. M. & H. R. Co.* id. 454; Bennett, Lis Pen-
dens, secs. 217, 265; Beach, Rec. sec. 230; *Thornton v.
Wash. Sav. Bank*, 76 Va. 432; High, Rec. sec. 144; *Pickett
v. Ferguson*, 45 Ark. 177; *Yates v. Smith*, 11 Bradw. (Ill.),
459; *Syracuse City Bank v. Tallman*, 31 Barb. 201; *Haven
v. Adams*, 8 Allen, 363; 16 Am. & Eng. Ency. of Law, 826,
subd. 7; *Hall Lumber Co. v. Gustin*, 54 Mich. 624, 634;
Wood, Landl. & T. secs. 127, 128.

PINNEY, J. The rents and profits of lands are not
pledged by a mortgage of the lands merely, but belong to
the owner of the equity of redemption until the court, for
equitable reasons, shall appoint a receiver to collect them
for the benefit of the mortgagee, or directs the receiver to
take possession of the mortgaged premises and the rents
and profits of the same, to the end that the rents realized
may be applied to the payment of any deficiency that may

remain unpaid after applying the proceeds of the sale of
the mortgaged premises; and whatever is not needed for
that purpose is to be paid to the mortgagor or other per-
son entitled thereto.   The appointment of a receiver for
that purpose is a matter resting in the sound discretion of
the court, and gives the plaintiff in the foreclosure suit an
equitable lien upon the accrued and unpaid rents.   Kerr,
Rec. 177; *Rider v. Bagley*, 84 N. Y. 461, 465, and cases
there cited; *Howell v. Ripley*, 10 Paige, 43.   The appoint-
ment of a receiver is equivalent to a sequestration of the
rents and profits accruing after the date of the order, and
as to all which have previously accrued and which remain
unpaid.   *Syracuse City Bank v. Tallman*, 31 Barb. 201,
212; *Lofsky v. Maurer*, 3 Sandf. Ch. 69, 71; *Johnston v.
Riddle*, 70 Ala. 219, 225; *Argall v. Pitts*, 78 N. Y. 242;
*Thornton v. Wash. Sav. Bank*, 76 Va. 432.   Rents accrued
are rents earned, within the sense and meaning of this rule.
The mortgagor cannot evade the rule by anticipating the
appointment of a receiver in a suit pending to foreclose
the mortgage, and leasing the premises for one or more
years, and taking, as in this case, payment of the rent in
advance.

   The tenant, *Smith*, one of the appellants, stands in the po-
sition of a purchaser or lessee *pendente lite* from the mort-
gagor defendant, and had constructive notice of the action
to foreclose by the filing of the notice of *lis pendens*, and
took subject to whatever order or decree the court might
lawfully make affecting either the title or possession.   He
could not get any better right than his lessor, the mort-
gagor defendant, had.   It matters not that he did not
know, as he says, that there was any intention to apply for
the appointment of a receiver.   He knew, or is chargeable
with knowledge, that the court might make such an ap-
pointment, and that whatever interest he might acquire in
the possession and use of the premises might thereby be

cut off, unless he should elect to attorn to the receiver, and pay to him all rents for the use of the premises after the date of the appointment.  So far as the possession of the premises is concerned, the appointment of the receiver had the effect of an equitable ejectment.  Were this otherwise, the beneficial results of a receivership could be easily defeated by giving a lease of the premises in question long enough to last during the probable duration of the litigation, and by collecting the rent in advance.  The receiver, on his appointment, became entitled, as against the appellants, to the possession and use of the premises, and his rights are in no way affected by the provisions of the lease and payment in advance of rent to thereafter accrue under it.  As the order appointing the receiver has not been appealed from, we must presume that there was sufficient ground for making the appointment.

Unless the tenant, *Smith*, attorns to the receiver and pays rent for the use of the premises from and after the date of the order appointing the receiver, he must surrender possession.  The order of the circuit court was correct and must be affirmed.

*By the Court.*— The order of the circuit court is affirmed.