OTTMAN, Respondent, vs. TILBURY, imp., Appellant.

*December 9, 1930—March 10, 1931.*

For the appellant there was a brief by *Theodore A. Waller* of Ellsworth, attorney, and *Knowles & Doolittle* of River Falls of counsel, and oral argument by *L. S. Doolittle*.

*W. G. Haddow* of Ellsworth, for the respondent.

The following opinion was filed January 13, 1931:

OWEN, J. On the 1st day of October, 1919, the defendant William H. Cheney executed to the plaintiff, Charles F. Ottman, a real-estate mortgage on a farm located in Pierce county to secure the payment of $10,725 due December 1, 1929. William H. Cheney continued to reside upon and occupy said mortgaged premises until the 12th day of December, 1925, when he executed a land contract thereon to his son, Howard H. Cheney, who continued to reside thereon with his wife until the 16th day of August, 1929, when he assigned said land contract to the defendant Herman Kuhfuss. On the 7th day of October, 1929, the defendant Herman Kuhfuss executed a lease on said premises to the defendant Earl Tilbury, who entered into the possession of said premises and did the fall plowing thereon. At the time of the execution of said lease the said defendant Earl Tilbury paid Kuhfuss the sum of $500 as and for the first year's rent under said lease.

Default in the payment of principal and interest on the mortgage occurred on the 1st day of December, 1929. This action was brought to foreclose said mortgage on the 5th day of December, 1929. None of the parties appeared except the defendant Earl Tilbury. The court, among other things, found that the mortgagor, his successors and assigns had suffered waste to be committed on said premises and appointed H. G. Ottman as receiver to collect all rents and profits of said mortgaged premises which shall be earned and which shall accrue under his appointment. As a part of the judgment the defendant Earl Tilbury was ordered to immediately vacate said premises and let the receiver into

the possession of the same. The defendant Earl Tilbury appeals from that part of the judgment which adjudges that he vacate the premises upon the demand of the receiver.

Whether Tilbury can be disturbed in his possession of the premises is the sole question presented. At the time he leased the premises the mortgage had not become due, nor had there been any default in the payment of interest or taxes, nor had foreclosure proceedings been started. The transaction by which he leased the premises and paid one year's rent in advance amounted to a purchase by him of a leasehold interest in the premises. · This interest was subject to the mortgage, which was not at that time in process of foreclosure. He was chargeable with knowledge that the mortgage might be foreclosed and that his leasehold interest might be terminated by a foreclosure sale. However, he knew that under the statutes such sale could not take place within a year from the date of the judgment. It was held in the original opinion in *Grether v. Nick,* 193 Wis. 503, 213 N. W. 304, 215 N. W. 571, that one who acquires an interest in premises in the nature of a leasehold by paying his rent in advance cannot be required to pay it a second time to the receiver. A necessary corollary to that proposition is, that neither can he be disturbed in his possession as lessee. If he could be disturbed in his possession, such right of disturbance could be exercised to compel the repayment of rent. If there be any doubt of the binding effect of that opinion because it was based upon an erroneous understanding of the facts there involved, that doubt should be resolved in conformity with the doctrine "that when a court of last resort intentionally takes up, discusses, and decides a question germane to, though not necessarily decisive of, the controversy, such decision is not a *dictum* but is a judicial act of the court which it will thereafter recognize as a binding decision." *Chase v. American Cartage Co.* 176 Wis. 235, at p. 238 (186 N. W. 598). But independ-

ent of that doctrine, we may state that upon reconsideration of the question here presented we see no occasion for receding from the conclusion reached in *Grether v. Nick*. The conclusion is based upon considerations which we deem substantial and conclusive, and a rediscussion of the question at this time is unnecessary.

It is suggested that appellant should have appealed from that portion of the judgment which appoints the receiver. The appellant appeals from that portion of the judgment which adversely affects him. He had no interest in the appointment of a receiver. His interest arose only when he was ordered to deliver possession of the premises to the receiver. He had no right to be heard upon the question of whether a receiver should be appointed. It does not necessarily follow that because a receiver was appointed the appellant should be ousted from the premises. The receiver now becomes the appellant's landlord with all of the powers usually possessed by landlords in such cases. These will no doubt be sufficient to prevent the commission of waste on the part of the appellant. As the only legitimate reason for the appointment of a receiver is to prevent the commission of waste, the legitimate objects to be accomplished by the appointment of a receiver in foreclosure proceedings have been secured. It is often assumed that the purpose for which a receiver is appointed in foreclosure proceedings is to collect the rents and profits and thus add to the security of the mortgage. This assumption places "the cart before the horse." The object is to prevent the commission of waste, to accomplish which the receiver is invested with the possession of the premises. As an incident merely of possession he is entitled to collect the rents and profits. Such rents and profits, however, when collected belong neither to the mortgagee nor to the receiver. They belong to the mortgagor, and the court disposes of them by applying them upon the mortgage debt. Where the rent has been paid in advance

there is nothing for the receiver to collect; but he is in a position to prevent waste, which is the primary purpose of his appointment. The fact that Tilbury cannot be disturbed in his possession as lessee does not prevent the court from restraining him in the commission of waste should he attempt it, nor does it defeat the legitimate purpose for which a receiver is appointed in foreclosure proceedings.

*By the Court.*—That part of the judgment appealed from is reversed, vacated, and set aside.

A motion for a rehearing was denied, with $25 costs, on March 10, 1931.