Buildings Development Company, Appellee, v. B/G Sandwich Shops, Inc., Appellant.

Gen. No. 37,463.

Opinion filed December 19, 1934.

MARKHEIM & ALLIE, of Chicago, for appellant; A. R. MILLER, of Chicago, of counsel.

WIND, WIND & CANAN, of Chicago, for appellee; MICHAEL M. WIND, of counsel.

Mr. Justice Wilson delivered the opinion of the court.

This is an appeal from a judgment of the municipal court of Chicago for the sum of $2,200, in four cases which were consolidated in the trial court by agreement. Each of the four cases was a suit by the plaintiff, Buildings Development Company, for rent for certain premises occupied by the defendant, B/G Sandwich Shops, Inc. in the City of Milwaukee in the State of Wisconsin. The first case was for rent for the month of December, 1932; the second for rent for January, 1933; the third for rent for February, 1933, and the fourth for rent for the month of March, 1933. All claimed to be due under the same written lease. The instrument sued on was for a term of 15 years commencing May 1, 1929, and defendant entered into possession and paid the rent until the first day of December, 1932. From the pleadings in the cause it can be inferred that the defendant continued in possession of the premises after that date and did not repudiate the lease.

March 28, 1927, the plaintiff, Buildings Development Company, executed a certain trust deed in which one M. Ernest Greenebaum, Jr. was named as trustee, which deed of trust was recorded in the office of the registrar of deeds in Milwaukee county, Wisconsin, and mortgaged the premises in question as security for the indebtedness described in said trust deed.

May 25, 1932, an action was instituted by the trustee in the circuit court of Milwaukee county, Wisconsin, to foreclose the lien of said trust deed, which foreclosure suit is still pending and undisposed of.

Plaintiff in its additional statement of claim sets out the fact that the lease in question was assigned to the trustee named in the trust deed but for the sole and only purpose of securing the payment of the amount accrued and to become due under such mortgage; that it was expressly understood that said assignment was for the purpose of further securing the trust deed on

the premises; that no default has been declared by the assignee; that no demand for the delivery of said lease has been made by the assignee; that said assignment has never been acted upon or exercised by the assignee nor has the defendant been called upon to make payments to the assignee thereunder; that the assignee has made no claim for rent from the plaintiff under said assignment and that the defendant at all times has paid the rent accruing under said lease to the plaintiff, Buildings Development Company.

The defendant in its amended affidavit of merits denies none of these allegations, but charges that the facts are within the knowledge of the plaintiff and that it is, therefore, unable to specifically answer the same. The amended affidavit of merits further sets forth the statute in the State of Wisconsin which provides that conveyances of land by a corporation must be signed by its president and countersigned by its secretary and charges that said lease was not countersigned by the secretary as required by statute, and craved oyer.

An order was granted giving plaintiff leave to file a copy of the lease and assignment and on September 26, 1933, a photostatic copy of the lease sued on was filed. This lease bears the signature of the president and of the secretary of the plaintiff corporation.

Upon the hearing of the cause in the trial court a motion to strike the amended affidavit was sustained and upon defendant's election to stand by its amended affidavit of merits judgment was entered in favor of the plaintiff.

First, it is assigned as error in this court that the lease in question shows on its face that it was assigned possibly by the plaintiff on October 26, 1932, to the trustee under the trust deed and that it does not appear that it has been reassigned to the plaintiff;

Second, that the plaintiff being a Wisconsin corporation, and the premises leased situated in that State,

the lease was not countersigned by the secretary and therefore void; and

Third, that the trustee under the trust deed, prior to the accrual of the rent sued on, took possession of the demised premises because of defects existing under the terms of the trust deed and that such taking resulted in a constructive eviction and terminated the lease.

Since the filing of the appeal in this court the Supreme Court of Wisconsin has passed upon a similar question, as a result of which it has been conceded that the third and last objection is untenable. The case referred to is *Zimmermann v. Walgreen Co.*, 215 Wis. 491, 255 N. W. 534. The action in that case is very much like the one at bar. The trust deed in that case contained the identical clauses contained in the trust deed here. The action was for rent and was brought by the Buildings Development Company which is also the plaintiff in this proceeding and the trust deed was to Greenebaum, as trustee. Prior to the bringing of the suit for rent, Greenebaum, as trustee, had started foreclosure proceedings under the trust deed and held the lease under an assignment as collateral security. After stating the law in that State to the effect that the legal title does not pass under a trust deed, but only a lien right, the court in its opinion says:

"Neither the court's order, nor the assignment of the lease as collateral, deprived the Buildings Development Company, as mortgagor, of its legal title under its 99-year leasehold, or enlarged the landlord's rights, in view of the lease held by the defendant, from mere constructive possession to actual possession, so as to deprive the defendant, as lessee under the Buildings Development Company, of its right under its lease to continue in the actual possession of the premises described in that lease.

"It is the settled law of this state that the legal title and right of possession does not vest in the mort-

gagee, but continues in the mortgagor until terminated by a sale on foreclosure, or by contract between the parties, and that even when a receiver is appointed in a foreclosure action to prevent waste, the collected rents and income of the mortgaged land do not belong to the mortgagee or to the receiver, but they are conserved and applied on the mortgage debt for the mortgagor's benefit. Likewise, as is stated in a note in 14 A. L. R. 664, 'Whether a lease of real estate previously mortgaged is terminated by a foreclosure action and sale is held by the majority of the decisions to depend on the joinder of the lessee as a party to the foreclosure action'; and it has been held in a number of cases that such termination does not occur until the premises are actually sold on foreclosure in such action.''

The lessee in the case at bar was not joined as a party to the foreclosure proceedings and in view of the allegations in the amended statement of claim the rent was still due and payable to the owner of the fee, namely, Buildings Development Company, plaintiff herein. There is no allegation in the affidavit of merits to the effect that the tenant, B/G Sandwich Shops, Inc., had been notified to pay its rent to any other than the plaintiff.

The second assignment of error is based on the proposition that the lease was not signed by the secretary of the corporation. The photostatic copy of the lease, after order of court and after oyer craved, shows that it was so signed. It is insisted, however, that it was not signed at the time of the execution but only after suit was started.

We are referred to the case of *Wineburgh v. Toledo Corp.*, 125 Ohio St. 219. A reading of this case, however, discloses the facts to be that the tenant there vacated the premises and refused to pay the accruing instalments due under the lease. In the case at bar, however, there was no repudiation of the lease at any

time and so far as the record discloses the tenant may still be in possession.

The case of *Galloway v. Hamilton*, 68 Wis. 651, cited by both sides was an action by a third party who recovered a judgment and sought equitable relief to set aside the conveyance on the ground that it was not signed by the secretary. The court in its opinion says:

"In this case the deed was never countersigned by the secretary, and, as we understand his testimony, he subsequently refused to sign the instrument when presented to him some few weeks after its date. It is claimed that the act of the president in executing the deed was subsequently ratified. But, if it was, the ratification could not affect the plaintiff's lien, which had previously attached. For 'the general rule as to the effect of ratification by one of the unauthorized acts of another respecting the property of the former, is well settled. The ratification operates upon the act ratified precisely as though authority to do the act had been previously given, except where the rights of third parties have intervened between the act and the ratification. The retroactive efficacy of the ratification is subject to this qualification. The intervening rights of third persons cannot be defeated by the ratification. In other words, it is essential that the party ratifying should be able not merely to do the act ratified at the time the act was done, but also at the time the ratification was made.' *Cook v. Tullis,* 18 Wall. 332, 338; *Taylor v. Robinson,* 14 Cal. 401; Story on Agency, §§ 241–244."

It will be noted in the case at bar that no intervening rights had accrued and a reading of the opinion in the case cited would indicate that a ratification by the subsequent signing of the secretary of the corporation and before repudiation would be effective. A number of cases have been cited by counsel for plaintiff to the effect that the statute is not mandatory, but we do not believe it necessary to pass upon that question.

We are of the opinion that the ratification by the secretary, with the tenant still in possession and the lease in operation, was a sufficient ratification to validate the instrument.

We see no reason for disturbing the judgment of the municipal court and for .the reasons stated in this opinion, the judgment is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and HALL, J., concur.