Franzen, Respondent, vs. G. R. Kinney Company, Inc., Appellant.

*March 7—April 2, 1935.*

54

For the appellant there was a brief by *Lamfrom, Tighe, Engelhard & Peck* of Milwaukee, and oral argument by *Egon W. Peck.*

For the respondent the cause was submitted on the brief of *Edward H. Meldman* of Milwaukee.

FOWLER, J. The defendant contends that the assignment of the lease to the mortgagee as collateral security for the mortgage debt added nothing whatever to the plaintiff's rights to the rents of the premises for the reason that the assignment of the rents as collateral security makes the assignment in law nothing but a mortgage of the rents, and the only way in which a mortgagee can secure payment of rents to apply upon the mortgage debt is through an action to foreclose the mortgage and the appointment of a receiver therein. It is claimed that from this it follows that the landlord is entitled to the rents of the premises until an action to foreclose is commenced and a receiver is appointed, and because so entitled he may make a valid agreement with his lessee to reduce the rents which is binding on the mortgagee; wherefore, it is claimed, the plaintiff's action at law to recover the rents does not lie both because the only action that might be brought is foreclosure, and because the payments made fully cover the rentals due under the modified lease.

It is true, as contended by the defendant, that under a mortgage of land pledging its rents and profits a mortgagor is entitled to the rents until the mortgagee takes possession under his mortgage, either by surrender of the premises to him or by commencing foreclosure and securing the appointment of a receiver. *Grether v. Nick,* 193 Wis. 503, 213 N. W. 304, 215 N. W. 571; *Ottman v. Tilbury,* 204 Wis. 56, 234 N. W. 325. As corollary to the above the mortgagor is not entitled to the rents after his possessory rights are terminated. We are of opinion that such possessory rights as the landlord herein had, during the term of the lease, were terminated by the conduct of the mortgagors and the mortgagee. The mortgagors' possessory rights during the term of the lease were limited to the collection and appropriation of the rents. These rights were transferred by the mortgagors to the mortgagee. The mortgagee by consent of the mortgagors took possession of the premises so far as the mortgagors had possession by collecting the rents from the defendant.

Mrs. Hess, the landlord, submitted her affidavit in support of the plaintiff's motion for summary judgment in which she recites that "the plaintiff has all the right, title and interest in and to the rents due under the lease . . . subject to the terms and conditions of the assignment." By the terms of the assignment the right to the rents was to go to the mortgagee upon a default in a mortgage payment. The landlord further recites in her affidavit that such a default had occurred before her agreement with the tenant for the second modification of the lease, and that to her knowledge the mortgagee gave notice to the defendant of the assignment of the rents to him. Mr. Hess states in an affidavit presented in support of the motion for summary judgment, that the defendant paid direct to the plaintiff the rents that became due after the date of the notice of assignment, for a year prior to the signing of the agreement for change of rentals upon which the defendant relies. These statements evidence that the landlord renounced her rights to the rents upon the default in the mortgage payments and the giving of the notice of the assignment to the defendant by the plaintiff. She herself signed the original assignment of the lease as did her husband. This assignment was intended by the parties to accomplish something more than a mere inclusion of a clause in the mortgage pledging rents, and the parties have given effect to it according to their intent. It was intended to give a right to the rents to the mortgagee as soon as a default in the mortgage payments occurred, and to operate as an effected assignment immediately upon the mortgagors' default in payment. The mortgagors on occurrence of the default by their conduct consented and permitted that it should so operate, and conceded that it did so operate. The mortgagors having so consented and conceded and released their rights to the rents, it is not for the defendant to assert that they had claim to the rents, and therefore could by agreement with the lessee change the amount reserved. By assigning the rents as security and their subsequent conduct the mortgagors released all their rights to

rents and conferred all those rights to the mortgagee upon the default in the mortgage payment and the mortgagee's assertion of those rights by his notice to the tenant of the assignment and his subsequent collection of the rents. After the mortgagors' release to the mortgagee of their rights to rents under the lease became operative, the landlord had no right to modify the lease or enter into any agreement of modification that would bind the mortgagee without the latter's consent or approval. The case of *Thompson v. Erskine,* 36 Misc. 202, 73 N. Y. Supp. 166, holds that a mortgagee may sue a tenant for and collect the rents of the mortgaged premises under a provision in the bond secured by the mortgage assigning the rents to the mortgagee to become operative upon default in payment of principal or interest of the mortgage debt.

The defendant has no right to interpose the defense that the plaintiff's only remedy is foreclosure. Its obligation to pay rent is the same whether the action be at law or in equity. That position could only be taken by the mortgagors, and the mortgagors by their affidavits in support of the motion for summary judgment, are not only not asserting such position, but have waived their rights ever to assert it.

The defendant urges that the plaintiff is a "stranger" to the lease, and it is prevented by sec. 234.02, Stats., and a like statute of Oklahoma, sec. 10909, Okla. Stats. 1931, from attorning to a stranger. These statutes are obviously not in point because they do not cover attornments made with the consent of the landlord. Here the landlord's affidavit above referred to evidences her assent to attornment to the plaintiff.

The appellant quotes from *Zimmermann v. Walgreen Co.* 215 Wis. 491, 255 N. W. 534, and cites that case in support of its contention. The quotation is:

"Notwithstanding an assignment . . . to the mortgagee as collateral security . . . the lessee is entitled to continue in possession [of the premises] until the landlord's right of possession, which he acquired by virtue of his [99-year mortgaged] lease, is terminated by the sale on foreclosure."

The point of the statement quoted is, under the facts involved in the case, that where a lease is subject to a mortgage, and foreclosure of the mortgage is resorted to, the lessee is entitled to continue in possession of the premises until sale of the premises occurs on foreclosure, and therefore must pay the rent reserved by the lease to his mortgagee-assignee and its conservator appointed by the court to manage and collect the rents of the building in which the premises leased by defendant lessee are situated. We do not perceive that this supports the defendant's contention.

Several cases from Oklahoma are cited in respondent's brief in support of its contention, but they go no further than *Grether v. Nick* and *Ottman v. Tilbury, supra.* It is conceded that the law of Oklahoma is the same as that of Wisconsin in respect to a mortgage not conveying title or doing more than creating a lien, and this is the only point of the Oklahoma cases cited. In view of this, it would serve no useful purpose to refer to Oklahoma decisions, although the premises are located and the lease was executed in that state, and the law of that state governs the rights of the parties.

Some other Wisconsin cases are cited as supporting defendant's contentions, and excerpts in the brief from opinions in them on their face seem to offer some such support. But these decisions and statements must be considered in connection with the facts upon which they are based, and can be applied only to similar factual situations. The facts and issues here involved are entirely dissimilar to those involved in these cases.

*By the Court.*—The judgment of the circuit court is affirmed.