RATCLIFF, Trustee, Appellant, vs. PHI PI PHI HOUSING CORPORATION and others, Respondents.

*April 7—April 27, 1937.*

628

630

For the appellant there were briefs by *Franklin B. Wynne* and *Richard Rynders,* both of Madison, and oral argument by *Mr. Rynders.*

For the respondents there was a brief by *Stephens, Sletteland & Cannon,* attorneys, and *A. E. Kilmer* of counsel, all of Madison, and oral argument by *Mr. Kilmer.*

WICKHEM, J. Plaintiff contends that the allegations of the complaint are sufficient to raise a constructive trust in his favor because they show, (a) that defendants took the deed without consideration and for the purpose of managing and caring for the property "for the benefit of all interested parties," and (b) that defendants lulled the bondholders into inactivity to protect their interests by false representations that they were taking care of the bondholders' interests and accumulating funds to discharge the principal and interest.

Standing alone, the allegations concerning the purpose for which defendants took title are insufficient to establish a constructive trust. This is true for several reasons. The defendants took the legal title to the premises and succeeded to the rights of the mortgagor. The right of the latter in possession to the rents and profits, even though they be pledged, is unquestionable. *Franzen v. G. R. Kinney Co.* 218 Wis. 53, 259 N. W. 850. There is no allegation of any binding promise to the grantor for the benefit of bondholders. Even if there were, the duty of managing and caring for the physical property constituting the security would not include accounting for the rents and profits. Further than this, the only statement in the complaint is that defendants took title *for the purpose* of managing, etc. The purpose alleged is

that of defendants alone, and it cannot be that their purpose in taking the title is enough to create equitable duties upon their part. There was at the moment no trustee, the bondholders neither knew of nor participated in the transaction constituting the conveyance, and there is no allegation that any understanding as to the disposition of rents and profits was exacted by the grantor. The implication is that it was not, since the deed is stated to have been without consideration. It is our conclusion that the allegation is insufficient, standing alone, to charge defendants with a constructive trust.

The contention that various false representations to bondholders by defendants, made both before and after the execution of the quitclaim deed, to the effect that defendants were managing the property in the interests of the bondholders, are effective to raise a constructive trust of which plaintiff is the *cestui* cannot be sustained. In substance, this is an attempt to raise a constructive trust because of fraud on the part of the defendants. In *Dixon Shoe Co. v. Moen*, 208 Wis. 389, 391, 243 N. W. 327, the court, speaking through Mr. Justice Fowler, said:

"Fraud creates a constructive trust only when confidential relations exist between the parties involved and the one party in reliance upon that relation intrusts the other with his money or property to be used for his benefit or with the doing of some act for his benefit, and the other in violation of the confidence reposed devotes the property or money to procuring property for himself or appropriates to himself the benefit of the act he was to perform for the other."

Assuming, without deciding, (1) that defendants occupied some sort of confidential relation to the bondholders; (2) that the bondholders who sought information with respect to the security relied thereon and intrusted defendants with the doing of some act for their benefit; and (3) that the defend-

ants thereafter appropriated to themselves the benefit of this act, the trial court was entirely correct in concluding that the bondholders as individuals and not the plaintiff are the *cestuis* of any constructive trust that might be considered to exist or the owners of any cause of action arising out of the alleged fraud. The representations were to them individually and not to the plaintiff. Plaintiff occupied no fiduciary relation to defendants and put no trust in defendants upon the faith of any such relation. We are cited to no authority that holds that the mere fact that a brokerage house underwrites an issue of bonds creates a fiduciary relation between it and the trustee. The subject of the conveyance to defendants had nothing to do with the trust estate. The deed to defendants conveyed the legal title or equity of redemption, and there was nothing in the trust deed to prevent either B. E. Buckman & Company or its individual stockholders and officers from purchasing or otherwise acquiring this title and using the profits for their own purposes. Any legal relations created by the representations alleged to have been made to individual bondholders are wholly outside and independent of the trust deed, and if any cause of action exists, it is in favor of the individual bondholders and not the plaintiff trustee.

In view of these conclusions, it is unnecessary to consider other contentions by plaintiff, all of which are predicated upon the assumption that a trust relation has been established.

*By the Court.*—Order affirmed.