NOWAKOWSKI, Appellant, vs. NOVOTNY and another, Respondents.

*February 17—March 14, 1944.*

*N. A. Pachefsky* of Milwaukee, for the appellant.

For the respondents the cause was submitted on the brief of *Casimir Gonski* of Milwaukee.

FOWLER, J.   The plaintiff sues to recover from the defendants rent for the months of December, 1941, and January and February, 1942, as owing to her under an oral agreement made prior to July 1, 1941, by her with the defendants which purported to constitute a lease from month to month of certain premises for $65 a month payable in advance. That such agreement was made is admitted.   The defendants took possession of the premises and operated a saloon therein and were in possession and so using the premises when this suit was brought.   Up to December 1, 1941, the defendants paid the monthly rental to the plaintiff.   They refused to pay to plaintiff the rent for the three months in suit on the ground that in a suit for foreclosure of a mortgage on the premises, to which defendant lessees were not made parties, the circuit court in September, 1938, had entered an order appointing a receiver of the premises; directing the mortgagor and the plaintiff and her husband to whom the mortgagor had conveyed the premises to pay to the receiver $30 per month for the months of October and November, 1938; directing the receiver to take possession of the premises and collect the rents thereof and directing any persons thereafter owing rent to pay it to the receiver and providing that the receiver's receipt therefor should discharge the payor from liability therefor; directing the receiver to apply the rents received to the payment of taxes and pay the excess as the court should by order direct.   Judgment of foreclosure of the mortgage was entered December 5, 1938, but there has been no sheriff's sale pur-

suant thereto. The receivership order remained in force and the receiver continued to act as such and was so acting when the oral agreement of lease to defendants was made. After the judgment of foreclosure was entered the mortgagor was by order of court permitted to file a cross complaint praying that her deed to the plaintiff and her husband be set aside for breach of condition subsequent and the title to the premises be adjudged in her. On trial of the issues under this cross complaint, on November 10, 1941, "findings of fact and conclusions of law" were made and filed as "By the Court" which held that the mortgagor was entitled to the relief prayed. No formal judgment was entered on the cross complaint but a paragraph was included in the "conclusions of law" by which it was expressly "ordered" that the mortgagor "has the right to redeem or satisfy the claim of the plaintiff [mortgagee] as the plaintiff may elect and in case of failure of . . . [the mortgagor] to satisfy plaintiff's claim the plaintiff may proceed with the sheriff's sale and confirmation thereof;" and that the mortgagor recover from the grantees in the deed $75 costs and her disbursements.

The defendants paid $195 to their attorney and he paid $90 thereof to the receiver and took his receipt therefor dated February 11, 1942, reciting that it was "as and for instalments due to the receiver at the rate of thirty (30) per month for the (three) months" sued for by the plaintiff herein. The excess was paid to the mortgagor, under agreement between the receiver and the attorney of the defendants, who was also the attorney who represented the mortgagor in prosecuting her cross complaint.

On commencement of the foreclosure suit a notice *lis pendens* was duly filed. In *Gaynor v. Blewett,* 82 Wis. 313, 52 N. W. 313, it was held that the filing of a notice *lis pendens* in a foreclosure suit is constructive notice to all tenants to whom the mortgaged premises are subsequently leased of an order of receivership previously entered, and such tenant

takes the premises subject to whatever order the court may make affecting the title or possession of the premises. The rule of this case has never been overruled or modified and has been expressly recognized as existing in *Zimmermann v. Walgreen Co.* 215 Wis. 491, 498, 255 N. W. 534, and *Grether v. Nick,* 193 Wis. 503, 514, 213 N. W. 304, 215 N. W. 571. Under that rule and the order of receivership stated, the defendants were bound to pay the rent to the receiver. They in fact paid the three months' rents sued for to their attorney and he in turn took a receipt for $90 from the receiver as in satisfaction of the receiver's claim for those rents and paid the remainder to or held it for the mortgagor as the owner of the title to the premises. With the technical rights of the receiver and the mortgagor to the difference between the amount paid by the defendants and the amount turned over to the receiver, we are not concerned. At any rate under the receivership order and the rule of the *Gaynor Case, supra,* the plaintiff is not entitled to recover the rent sued for and the judgment of the circuit court is correct regardless of the reason given therefor.

The case came to the circuit court on an appeal from a judgment of the civil court of Milwaukee county. There was a motion in the circuit court to dismiss the appeal on the ground that the appellants therein, the respondents herein, had not filed a brief within the time required by a rule adopted by the circuit court of that county. The court denied the motion. It is here claimed that this court should reverse the judgment of the circuit court because the denial of that motion was erroneous. This claim is based upon the erroneous assumption that when a motion is made in this court to dismiss an appeal on the ground of failure of the opposing party to file a brief within the time required by the rule of this court, this court dismisses the appeal, and it is urged by analogy that circuit courts on like motion should do likewise. The premise is false. If this court may dismiss an appeal for failure of the appellant to file his case and brief within proper time, the

granting of such motion is not a matter of right to the movant but of discretion of the court. The only right the movant has in such case is to a continuance if he demands it and to costs if the court sees fit to impose them. See Rule 46 of the supreme court practice rules. There is nothing in the record to indicate the trial court abused its discretion in denying the motion to dismiss.

*By the Court.*—The judgment of the circuit court is affirmed.