WUORINEN and wife, Respondents, v. CITY FEDERAL SAV-
INGS & LOAN ASSOCIATION, Appellant.

*No. 248.  Argued October 8, 1971.—Decided November 2, 1971.*
(Also reported in 191 N. W. 2d 27.)

724

For the appellant there was a brief and oral argument by *Bernard F. Mathiowetz* of Milwaukee.

For the respondents there was a brief by *Flynn, Flynn & Flynn* of Racine, attorneys, and *Thomas G. Hetzel* of Kenosha of counsel, and oral argument by *Gerald T. Flynn.*

HEFFERNAN, J.    The defendant savings and loan association takes the position that the Charles Realty Company was its agent and that, having taken peaceable possession through its agent of the abandoned property, it was entitled to rents and profits during the foreclosure period.    Additionally, it urges that the filing of the *lis pendens* terminated all rights of the Wuorinens in the subject of the foreclosure action, including the right to the rents during the foreclosure period.    We do not agree.

The trial court took the position that, by a conveyance to the Wuorinens after the filing of the *lis pendens,* they became subsequent purchasers.    The defendant, therefore, contends that, as a matter of law, the Wuorinens as subsequent purchasers were foreclosed of all rights to the rents that accrued during the period of foreclosure.    Sec. 281.03 (1), Stats., provides in part:

"From the time of such filing [of the *lis pendens*] every purchaser or encumbrancer whose conveyance or encumbrance is not recorded or filed shall be deemed a subsequent purchaser or encumbrancer and shall be bound by the proceedings in the action to the same extent and in the same manner as if he were a party thereto."

By the deed from the Karls, executed after the filing of the *lis pendens,* the Wuorinens could only acquire such

right, title, and interest as was held by the Karls at the time of the conveyance. The interest of the Karls was subject to the pending foreclosure action. By the deed, the Wuorinens, therefore, assumed the position of mortgagor, and by virtue of the *lis pendens* were subject to the consequences of the action then pending. The rights they acquired were those of a mortgagor whose equity of redemption and title in the property was subject to termination by the foreclosure judgment. They consequently were the grantees of the rights as well as the liabilities of a mortgagor. During the pendency of a foreclosure action in this state, where the mortgagor retains title, the mortgagee does not ipso facto by virtue of a default acquire the right to possession of the property or the rents and profits that may accrue. We have stated in *Zimmermann v. Walgreen Co.* (1934), 215 Wis. 491, 496, 255 N. W. 534:

"It is the settled law of this state that the legal title and right of possession does not vest in the mortgagee, but continues in the mortgagor until terminated by a sale on foreclosure, or by contract between the parties, and that even when a receiver is appointed in a foreclosure action to prevent waste, the collected rents and income of the mortgaged land do not belong to the mortgagee or to the receiver, but they are conserved and applied on the mortgage debt for the mortgagor's benefit."

Although the defendant in its complaint requested the appointment of a receiver, it neglected to apply for such appointment, and no showing was made to the court during the pendency of the proceedings that the appointment of a receiver would have been appropriate. Nor does the pledge of rents and profits that was executed by the Wuorinens contemporaneously with the execution of the mortgage entitle the savings and loan association to the rents in the absence of further action and order of the court. In *Grether v. Nick* (1927), 193 Wis. 503, 512, 213 N. W. 304, 215 N. W. 571, we stated:

"In jurisdictions where the mortgagor retains the legal title and right of possession, as here, it follows that the right to collect rents and profits remains in the mortgagor until he is deprived of possession in the manner provided by law, and this notwithstanding the fact that the mortgage may pledge the rents and profits."

The question then resolves itself into the determination of whether the Wuorinens were mortgagors in possession or whether there had been an abandonment of the property which gave the defendant savings and loan association peaceable possession by virtue of the actions of its alleged agent, Charles Realty Company. This question is determined by the facts that undisputably show that the Charles Realty Company was in fact the agent of the Wuorinens and not of the savings and loan association.

While the trial court failed to make an explicit finding that the Wuorinens were in possession, such finding is implicit in the entire proceedings. It is clear that the entire decision was predicated on that determination of fact. The defendant acknowledges this in its brief, wherein appears the statement, "The trial court held that the Karls had right of possession which included the rents and which inured to the Wuorinens [plaintiffs] by their deed." Although the defendant elsewhere in its brief argues that it was in possession, such position cannot be successfully asserted unless the trial judge's finding was contrary to the great weight and clear preponderance of the evidence.

It is apparent that the trial court's finding was supported by the evidence. The Wuorinens succeeded to the Karls' right of possession and took possession by the action of their agent, Charles Realty Company, in renting the property. *Facem per alium facem per se.* The record makes it clear that the subsequent purported agency relationship between the realty company and the savings and loan association was completely ineffectual

to grant peaceable possession to the mortgagee, for the possession of the Wuorinens, manifested by their commission to the Charles Realty Company, was continuing and could only be ousted by an order of the court authorizing the appointment of a receiver. For a mortgagee to have any possessory rights in property in the absence of a peaceable yielding up of possession, he must petition for and be granted the appointment of a receiver. *Dick & Reuteman Co. v. Jem Realty Co.* (1937), 225 Wis. 428, 433, 274 N. W. 416; *see also: Brinkman v. Jones* (1878), 44 Wis. 498; *Citizens Savings & Trust Co. v. Rogers* (1916), 162 Wis. 216, 155 N. W. 155; *Schwartzburg v. Rahtjen* (1938), 227 Wis. 525, 279 N. W. 19, for a discussion of the rule that, where a mortgagee peacefully obtains possession while the mortgagor is in default, he may collect the rents and profits.

We cannot conclude, however, that the defendant's position is taken other than innocently. There is nothing in the record to show that the City Federal Savings & Loan Association or its officers were aware of the prior agency agreement entered into between the Wuorinens and Charles Realty Company. Although it is thus apparent that the City Federal Savings & Loan Association took the rental proceeds in good faith, the right of the mortgagors, the Wuorinens, was not thereby affected. The right to the rents accrued from their status as mortgagors in possession, and the conduct of Charles Realty Company as a double agent cannot be allowed to detrimentally affect their rights in this litigation.

Defendant argues that nevertheless it should in equity be allowed to keep the rent money or should not be required to repay the rent money, because the proceeds were used to pay for the real estate taxes and for property maintenance, as well as the finder's fee to the realty company and for other miscellaneous and legitimate purposes. The defendant, however, failed to use the equitable remedy of the appointment of a receiver,

which was clearly open to it. Moreover, it would be inequitable to penalize plaintiffs for the unauthorized attornment of their agent, Charles Realty Company, to the mortgagee. At the time of the Wuorinens' appointment of the realty company, they assumed that the payments on the mortgage would be kept current. They were unaware of the foreclosure action. By virtue of the foreclosure and their guaranty contract entered into with the Veterans Administration, the plaintiffs have been obligated to reimburse the Veterans Administration the amount of the loss on the transaction. Aside from the judgment in the instant action, the savings and loan association was made whole by the guaranty of the Veterans Administration. By equitable principles the mortgagors were entitled to the rents during the period of foreclosure unless the mortgagee invoked the equitable powers of the court. It would be inequitable for this court under the circumstances to permit the mortgagee to retain the rental proceeds.

In view of the Charles Realty Company's breach of its fiduciary obligation to the plaintiffs, it is difficult to see why the defendant savings and loan association should have been credited with the $125 finder's fee paid to Charles Realty Company. However, the plaintiffs have not raised the question by motion to review, and this court is powerless to direct that the judgment should be modified to permit recovery of the additional $125.

*By the Court.*—Judgment affirmed.