

Floyd A. Harris, Milwaukee, Wis., for Trustee.

Charles W. Foran, Milwaukee, Wis., for Badger.

Robert Steuer, Milwaukee, Wis., for Debtor.

**In re EXCELLENCY HOMES, INC., Debtor.**

**Bankruptcy No. 84–02757.**

United States Bankruptcy Court, E.D. Wisconsin.

July 18, 1985.

## DECISION

D.E. IHLENFELDT, Bankruptcy Judge.

On July 10, 1984, when the debtor filed its chapter 7 petition, it was the owner of three parcels of real estate, each of which was subject to a mortgage in favor of Badger Savings Association (Badger), and each of which was the subject of a pending state court foreclosure action.

Although each mortgage contained an assignment of rents clause, the properties had been appraised in amounts substantially in excess of the mortgage balances, and consequently, Badger took no action to secure possession and collect the rents. Instead, after the filing of the petition, the trustee collected the rent from each of the properties.

Eventually, after notice and without objection, all three parcels were sold by the trustee. The appraisals relied upon by Badger were apparently greatly overstated, since the amount received by Badger for each of the properties was less than the balance due on each mortgage. On April 30, 1985, Badger moved the court for an order granting it entitlement to the rents collected and held by the trustee. The trustee has objected to the motion.

The determination of the right to rents collected by a trustee, as between the trustee and a mortgagee with an assignment of rents, is governed by State law. *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *Matter of Village Properties, Ltd.*, 723 F.2d 441 (5th Cir., 1984). Under Wisconsin law, the right to rents generally remains with the mortgagor, notwithstanding an assignment of rents to the mortgagee, until the mortgagor is deprived of possession. *Wuorinen v. City Federal Savings & L. Assoc.*, 52 Wis.2d 722, 191 N.W.2d 27 (1971). The mortgagee may acquire the right to possession by the terms of the contract, but a clause making the assignment operative "in the case of an event of default" lacks sufficient specificity to be enforceable. " * * * (a) default will only activate the right to rents and profits when the exact default is clearly defined and when requisite action has been taken under a specific provision that gives the right to the rents." *Lincoln Crest Realty v. Standard Apt. Devel.*, 61 Wis.2d 4, 14, 211 N.W.2d 501 (1973).[1]

The trustee contends that Badger did not perfect its security interest in the rents in that it never obtained possession of the properties. Badger apparently concedes the point with respect to the assignment of rents clauses in the notes and mortgages, and instead relies upon separate assignments which were executed by the debtor simultaneously with each of the mortgages and which were recorded immediately thereafter.[2]

An examination of these latter documents does not disclose any provision which would specifically permit Badger, apart from the general rule with respect to possession, to activate its right of assignment with respect to the rents. Furthermore, unlike the assignments contained in the mortgages, these assignments do not appear to cover rents collected under leases made by the debtor. In the assignments, all on "Standard Wisconsin Savings & Loan Form 2–3313A," the debtor is denominated as "mortgagor" and Badger as "ASSOCIATION." They provide:

" * * * the said Mortgagor does hereby sell, assign, transfer, demise and set over unto the said ASSOCIATION the possession of and all the rents, issues and profits now due and which may hereafter become due under or by virtue of any lease, whether written or verbal, or any letting of, or any agreement for the use or occupancy of any part of the premises hereinbefore described, *which may be made by the ASSOCIATION*, assignee herein under the power herein granted, it being the intention to hereby establish an absolute transfer and assignment *of all such leases and agreements* and all the avails thereunder unto the ASSOCIATION, assignee herein.

"And the said mortgagor does hereby irrevocably appoint the said ASSOCIATION our agent for the management of said property, and they may let and re-let said premises or any part thereof according to their own discretion * * *.

"This assignment and power of attorney shall only be operative in the event of a default in the payment of the principal or interest secured by said mortgage, or in the event of a breach of any of the covenants in said mortgage contained." (Emphasis added)

---

**1.** *Lincoln Crest* involved an assignment in a lease, but relied on Wisconsin precedents dealing with assignments in mortgages. The court said, " * * * under the Wisconsin lien theory of mortgages, the mortgagor holds title and the right of the mortgagee is merely that of a lien holder. * * * The lessor does not have the right to the rents and profits even though they have been assigned until such time as he gains possession, either actual or constructive, or by the appointment of a receiver. Where, however, there are specific contractual terms that leave no doubt of what must be done to assign the rents and profits, the assignment may be operative even prior to the regaining of possession by the lessor." 61 Wis.2d at 11, 12, 211 N.W.2d 501.

**2.** The fact that the assignments were recorded would not appear to give Badger a right to the rents. No authority has been cited to support such a proposition, and there is no reason to believe that the mortgages (containing assignment of rents clauses) which were involved in the various decisions of the Wisconsin court, such as the *Wuorinen* case, were not recorded.

The language of the assignments appears to cover only rents paid under leases made by Badger, acting under the power therein granted. No such leases have been claimed to exist here, the rents in question having been paid under agreements with the debtor or the trustee.

As a separate defense to Badger's motion, the trustee has stressed the fact that Badger satisfied each of its mortgages at the time the properties were sold. He contends that this should bar Badger from now seeking to enforce the assignment of rents clauses. In view of its ruling with respect to Badger's failure to perfect its right of assignment of rents, the court makes no finding regarding the effect of Badger's having satisfied the mortgages.

Since the effect of the court's decision is to deny or avoid Badger's claim to an interest in property, Badger may have 30 days to file an unsecured claim as provided in Bankruptcy Rule 3002(c)(3).

### ORDER

In accordance with the decision of the court filed this date,

IT IS ORDERED that the motion of Badger Savings Association for an order granting it entitlement to the rents collected and held by the trustee be, and the same is hereby denied.

IT IS FURTHER ORDERED that Badger Savings Association shall have 30 days from the date of this order to file an unsecured claim as provided in Bankruptcy Rule 3002(c)(3).